**Leonard Wesley PARKER, Petitioner,**

v.

**Honorable J. L. McCARREY, Jr., District Judge of the District Court for the Territory of Alaska, Third Division, Respondent.**

**No. 16499.**

United States Court of Appeals
Ninth Circuit.

June 16, 1959.

Wendell P. Kay, Buell A. Nesbett, James J. Delaney, Arthur D. Talbot, Russell E. Arnett, Anchorage, Alaska, for appellant.

Malcolm R. Wilkey, Asst. Atty. Gen., Robert S. Erdahl, Donald H. Green, Herman Marcuse, Daniel Ohlbaum, Carl

H. Imlay, Attys., Dept. of Justice, Washington, D. C., William T. Plummer, U. S. Atty., Anchorage, Alaska, John L. Rader, Atty. Gen., State of Alaska, amici curiae.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Alaska became the 49th state of the United States and ceased to be a territory by virtue of the President's proclamation on January 3, 1959.[1] Under the Alaska Enabling Act,[2] the existing territorial court with its four divisions[3] was continued upon an interim basis for an indefinite time, but not to exceed three years.[4] Thus, the act contemplated some delay on the part of the new state in establishing its own state court system.

On October 24, 1958, Parker was indicted by the grand jury of the Third Division of the United States District Court for the Territory of Alaska, which charged him with theft of United States government property. Having to no avail attacked (since January 3, 1959) the "territorial" court's jurisdiction in that court and being under the threat of impending trial there, Parker asks us to issue a writ of prohibition or a writ of mandamus to stop the proceedings there. Petition to file the petition heretofore lodged is granted and the petition is dismissed for lack of jurisdiction in this court.

It seems clear that the effect of the Enabling Act is to generally restrict this court's jurisdiction on decisions or judgments rendered in Alaska after January 3, 1959, to those coming up from the newly created U. S. District Court for the District of Alaska. It is possible that the "District Court for the District of Alaska" is in existence now and is just not staffed, or it may be that it comes into existence when the President appoints

---

1. Proclamation No. 3269, 24 F.R. 81, 48 U.S.C.A. preceding section 21.

2. Public Law 85–508, 72 Stat. 339, 48 U.S. C.A. preceding section 21.

3. 48 U.S.C.A. § 101.

4. Sections 12, 13, 14, 15, 16, 17, 18, the "judicial sections" of the Enabling Act, will be set forth for reference as an appendix to this opinion.

the federal district judge therefor. That is a question we do not decide. No one has suggested that the "territorial court" which continues to act is the new United States District Court for the District of Alaska. And, such a suggestion could have no sensible basis.

It would appear that the amendments to Titles 18 and 28 made by Section 12 of the Enabling Act would automatically restrict our Alaska jurisdiction on "new business" to the United States District Court for the District of Alaska. Further, we think that is the net express effect of Sections 13, 14, 15, 16, 17 and 18, when read together.

The subject of this petition presents a very practical problem for all Alaska. This court is asked to ascertain and define the nature of the continued interim United States District Court (with its four divisions) for the Territory of Alaska and to base its decision herein upon that determination. In our view it would be unwise to accept the invitation. We believe that having said the interim court is not the United States District Court for the District of Alaska we cannot speak authoritatively beyond that point.

We are urged by Parker to issue a writ to protect our eventual jurisdiction when Parker's problems come to us through the United States District Court for the District of Alaska. We can predict that there will be life in the United States District Court for the District of Alaska, but that Parker would have some cause for appeal or that he would even be prosecuted there is too speculative for us to issue an extraordinary writ.

In the spirit of helpfulness we might give our views on the current Alaska court situation, but if we cannot speak with the authority of a pronouncement that is required for decision, we deem it unwise to speculate as to the nature of the interim court. Thus, we must leave it on the basis of that which it is not, rather than on that which it is.

### APPENDIX

Sections 12–18, Alaska Enabling Act. Public Law 85–508, 72 Stat. 339.

"Sec. 12. Effective upon the admission of Alaska into the Union—

"(a) The analysis of chapter 5 of title 28, United States Code, immediately preceding section 81 of such title, is amended by inserting immediately after and underneath item 81 of such analysis, a new item to be designated as item 81A and to read as follows: '81A. Alaska';

"(b) Title 28, United States Code, is amended by inserting immediately after section 81 thereof a new section, to be designated as section 81A, and to read as follows: '§ 81A. Alaska

"'Alaska constitutes one judicial district.

"'Court shall be held at Anchorage, Fairbanks, Juneau, and Nome.';

"(c) Section 133 of title 28, United States Code, is amended by inserting in the table of districts and judges in such section immediately above the item: 'Arizona * * * 2', a new item as follows: 'Alaska * * * 1';

"(d) The first paragraph of section 373 of title 28, United States Code, as heretofore amended, is further amended by striking out the words: 'the District Court for the Territory of Alaska,': *Provided,* That the amendment made by this subsection shall not affect the rights of any judge who may have retired before it takes effect;

"(e) The words 'the District Court for the Territory of Alaska,' are stricken out wherever they appear in sections 333, 460, 610, 753, 1252, 1291, 1292 and 1346 of title 28, United States Code;

"(f) The first paragraph of section 1252 of title 28, United States Code, is further amended by striking out the word 'Alaska,' from the clause relating to courts of record;

"(g) Subsection (2) of section 1294 of title 28, United States Code, is repealed and the later subsections

of such section are renumbered accordingly;

"(h) Subsection (a) of section 2410 of title 28, United States Code, is amended by striking out the words: 'including the District Court for the Territory of Alaska,';

"(i) Section 3241 of title 18, United States Code, is amended by striking out the words: 'District Court for the Territory of Alaska, the';

"(j) Subsection (e) of section 3401 of title 18, United States Code, is amended by striking out the words: 'for Alaska or';

"(k) Section 3771 of title 18, United States Code, as heretofore amended, is further amended by striking out from the first paragraph of such section the words: 'the Territory of Alaska,';

"(l) Section 3772 of title 18, United States Code, as heretofore amended, is further amended by striking out from the first paragraph of such section the words: 'the Territory of Alaska,';

"(m) Section 2072 of title 28, United States Code, as heretofore amended, is further amended by striking out from the first paragraph of such section the words: 'and of the District Court for the Territory of Alaska';

"(n) Subsection (q) of section 376 of title 28, United States Code, is amended by striking out the words: 'the District Court for the Territory of Alaska,': *Provided,* That the amendment made by this subsection shall not affect the rights under such section 376 of any present or former judge of the District Court for the Territory of Alaska or his survivors;

"(o) The last paragraph of section 1963 of title 28, United States Code, is repealed;

"(p) Section 2201 of title 28, United States Code, is amended by striking out the words: 'and the

District Court for the Territory of Alaska'; and

"(q) Section 4 of the Act of July 28, 1950 (64 Stat. 380; 5 U.S.C., sec. 341b) is amended by striking out the word: 'Alaska,'.

"Sec. 13. No writ, action, indictment, cause, or proceeding pending in the District Court for the Territory of Alaska on the date when said Territory shall become a State, and no case pending in an appellate court upon appeal from the District Court for the Territory of Alaska at the time said Territory shall become a State, shall abate by the admission of the State of Alaska into the Union, but the same shall be transferred and proceeded with as hereinafter provided.

"All civil causes of action and all criminal offenses which shall have arisen or been committed prior to the admission of said State, but as to which no suit, action, or prosecution shall be pending at the date of such admission, shall be subject to prosecution in the appropriate State courts or in the United States District Court for the District of Alaska in like manner, to the same extent, and with like right of appellate review, as if said State had been created and said courts had been established prior to the accrual of said causes of action or the commission of such offenses; and such of said criminal offenses as shall have been committed against the laws of the Territory shall be tried and punished by the appropriate courts of said State, and such as shall have been committed against the laws of the United States shall be tried and punished in the United States District Court for the District of Alaska.

"Sec. 14. All appeals taken from the District Court for the Territory of Alaska to the Supreme Court of the United States or the United States Court of Appeals for the Ninth Circuit, previous to the ad-

mission of Alaska as a State, shall be prosecuted to final determination as though this Act had not been passed. All cases in which final judgment has been rendered in such district court, and in which appeals might be had except for the admission of such State, may still be sued out, taken, and prosecuted to the Supreme Court of the United States or the United States Court of Appeals for the Ninth Circuit under the provisions of then existing law, and there held and determined in like manner; and in either case, the Supreme Court of the United States, or the United States Court of Appeals, in the event of reversal, shall remand the said cause to either the State supreme court or other final appellate court of said State, or the United States district court for said district, as the case may require: *Provided,* That the time allowed by existing law for appeals from the district court for said Territory shall not be enlarged thereby.

"Sec. 15. All causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State which are of such nature as to be within the jurisdiction of a district court of the United States shall be transferred to the United States District Court for the District of Alaska for final disposition and enforcement in the same manner as is now provided by law with reference to the judgments and decrees in existing United States district courts. All other causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State shall be transferred to the appropriate State Court of Alaska. All final judgments and decrees rendered upon such transferred cases in the United States District Court for the District of Alaska may be reviewed by the Supreme Court of the United States or by the United States Court of Appeals for the Ninth Circuit in the same manner as is now provided by law with reference to the judgments and decrees in existing United States district courts.

"Sec. 16. Jurisdiction of all cases pending or determined in the District Court for the Territory of Alaska not transferred to the United States District Court for the District of Alaska shall devolve upon and be exercised by the courts of original jurisdiction created by said State, which shall be deemed to be the successor of the District Court for the Territory of Alaska with respect to cases not so transferred and, as such, shall take and retain custody of all records, dockets, journals, and files of such court pertaining to such cases. The files and papers in all cases so transferred to the United States district court, together with a transcript of all book entries to complete the record in such particular cases so transferred, shall be in like manner transferred to said district court.

"Sec. 17. All cases pending in the District Court for the Territory of Alaska at the time said Territory becomes a State not transferred to the United States District Court for the District of Alaska shall be proceeded with and determined by the courts created by said State with the right to prosecute appeals to the appellate courts created by said State, and also with the same right to prosecute appeals or writs of certiorari from the final determination in said causes made by the court of last resort created by such State to the Supreme Court of the United States, as now provided by law for appeals and writs of certiorari from the court of last resort of a State to the Supreme Court of the United States.

"Sec. 18. The provisions of the preceding sections with respect to the termination of the jurisdiction of

the District Court for the Territory of Alaska, the continuation of suits, the succession of courts, and the satisfaction of rights of litigants in suits before such courts, shall not be effective until three years after the effective date of this Act, unless the President, by Executive order, shall sooner proclaim that the United States District Court for the District of Alaska, established in accordance with the provisions of this Act, is prepared to assume the functions imposed upon it. During such period of three years or until such Executive order is issued the United States District Court for the Territory of Alaska shall continue to function as heretofore. The tenure of the judges, the United States attorneys, marshals, and other officers of the United States District Court for the Territory of Alaska shall terminate at such time as that court shall cease to function as provided in this section."