**Mary BRIDGES, Petitioner,**

**v.**

**Honorable Vernon D. FORBES, District Judge of the Territory (now State) of Alaska, Fourth Division, and John B. Hall, Clerk of the Fourth Judicial District of said District Court, Respondents (Alaska Housing Authority, a public corporate authority, Intervenor).**

**No. 16437.**

United States Court of Appeals
Ninth Circuit.

Aug. 18, 1959.

Rehearing Denied Oct. 6, 1959.

Robert A. Parrish, Fairbanks, Alaska, for petitioner.

McNealy, Merdes, Camarot & Fitzgerald, Henry J. Camarot, Fairbanks, Alaska, for intervenor.

No appearances for respondents.

Before CHAMBERS and JERTBERG, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

On June 2, 1959, this court granted petitioner's petition for leave to file a Petition for Writ of Prohibition to be directed to the respondents and, on said date, issued its order to show cause before this court why said Petition for Writ of Prohibition should not be granted and ordering that all proceedings in the court of respondents in this matter be stayed until the further order of this court, which order to show cause was amended by order of this court dated the 29th day of June, 1959.

On June 25, 1959, Alaska Housing Authority, a public corporate authority, petitioned this court to intervene in the above proceedings and, on the same day, lodged with the clerk of this court a petition to dismiss the Petition for Writ of Prohibition sought by petitioner.

On June 9, 1958, the Intervenor, the Alaska Housing Authority, a public corporate authority, filed in the district court its Complaint in Condemnation and to quiet title to certain real property against petitioner. On the same day, it filed a Declaration of Taking, all pursuant to the laws of the Territory (now State) of Alaska. Thereafter, petitioner filed motions to dismiss the complaint, to quash the service of summons and to strike the Declaration of Taking, all of which motions were denied by the district judge on August 22, 1958. On September 12, 1958, an order was entered by the district judge granting possession of the property to the Authority. A motion by petitioner to set aside said order was denied by the district judge on the 10th day of February, 1959.

Petitioner refused to surrender and deliver up possession of the real property and thereafter a Writ of Assistance was issued out of the district court directing the United States Marshal to secure physical possession of the property on behalf of intervenor. Petitioner then moved to quash the Writ of Assistance, which motion was denied on April 28, 1959. Petitioner thereafter sought leave of this court, under Section 28 U.S.C.A. § 1292(b) to appeal from the order denying petitioner's motion to quash the Writ of Assistance. On May 7, 1959, this court denied petitioner's application to appeal from said interlocutory order.

Hearing on the Order to Show Cause why the petition for Writ of Prohibition should not be granted and intervenor's Petition to Dismiss the Petition for Prohibition were heard by this court on the 13th day of August, 1959, and, this court being fully advised in the premises,

Now, Therefore, It Is Ordered:

(1) The motion of Alaska Housing Authority to intervene in the proceedings before this court is granted and the clerk of this court is directed to file the Motion to Intervene as well as the Peti-

tion of Intervenor to Dismiss Petitioner's Petition for Prohibition.

(2) Petitioner's Petition for Writ of Prohibition is denied for lack of jurisdiction of this court to entertain the petition. See Parker v. McCarrey, 9 Cir., 268 F.2d 907.

(3) The Order to Show Cause issued by this court is discharged and the order staying all proceedings in the district court is vacated and set aside.