**Andrew J. LEONARD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16113.**

United States Court of Appeals
Ninth Circuit.

May 3, 1960.

Edgar Paul Boyko, Los Angeles, Cal., for appellant.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

By indictment filed on the 25th day of October, 1957, appellant was charged with the commission of seven offenses. Count one charged a violation of Section 65–5–32, Alaska Compiled Laws Annotated 1949, in that on or about the 16th

day of June 1957 the appellant did feloniously break and enter a building not a dwelling house in which property was kept, to-wit, the offices of William A. Smith Contracting Company, an Alaska corporation, with intent to steal therein.

Count two charged a violation of Section 65–6–1, Alaska Compiled Laws Annotated 1949, in that on or about the 22nd day of June 1957 appellant, with intent to defraud, knowingly uttered and published a forged check of the William A. Smith Contracting Company, Inc., the payee of said check being Tom Cooper.

Count three is similar to count two, except that the payee of the check mentioned in said count is Don Woods.

Count five charged a violation of Section 65–5–42, Alaska Compiled Laws Annotated 1949, in that during the month of May 1957 appellant did commit the crime of larceny in the office of the Alaska Housing Authority, and did steal 85 payroll checks of said Alaska Housing Authority.

Counts six and seven charged violations of Section 65–6–1, Alaska Compiled Laws Annotated 1949, in that on or about the 9th of May, 1957 appellant with intent to defraud, did knowingly utter and publish two forged checks of the Alaska Housing Authority, the payee named in both checks being Bobby Wilson.

Count four charged a violation of Title 48 U.S.C.A. § 199(J), in that on or about the 21st day of June, 1957 appellant made a false statement in applying for a resident "Sport Fishing" license, in that appellant represented that his name was Don Woods, when in fact his true name was Andrew J. Leonard.

During the course of the trial the district court, on its own motion, dismissed count five. The jury returned verdicts finding the defendant guilty on all other counts.

Jurisdiction of the district court was conferred by Title 48 U.S.C.A. § 101, and Title 53, Chapter 2, Alaska Compiled Laws Annotated 1949. Jurisdiction of this Court is based upon Title 28 U.S.

C.A. §§ 1291 and 1294, prior to the amendments appearing in Public Law 85–508, 72 Stat. 339. For such amendment see Parker v. McCarrey, 9 Cir., 1959, 268 F.2d 907.

The alleged errors relied upon by appellant are: (1) the district court erred in admitting into evidence a written confession which appellant contends was inadmissible as a matter of law on the ground that it was involuntary; (2) the district court erred in refusing appellant's requested instruction to the jury with respect to the voluntariness of the confession so admitted into evidence, and in giving an alleged erroneous and misleading instruction on the same subject; (3) the district court erred in erroneously instructing the jury that appellant was charged with the crime of "forgery"; (4) the district court erred in admitting evidence obtained directly or indirectly through an alleged unlawful search and seizure; (5) the district court erred in the admission of alleged inadmissible and prejudicial testimony; (6) the district court erred in failing to grant appellant's motion for judgment of acquittal on counts two, three and seven because of the claimed failure of the government to establish the corpus delicti of such offenses; that there was lacking, independent of the confession, sufficient proof of the corpus delicti of the offenses with the possible exception of count six, and as to that count the admission of the evidence of the alleged involuntary confession was so prejudicial as to require reversal of the judgment of conviction on that count.

■ We will first consider specifications (1) and (2). Prior to the admission into evidence of the alleged involuntary confession, the district court in the absence of the jury conducted a lengthy hearing. Several witnesses for the appellee testified that the confession was freely and voluntarily given after the appellant had been advised that he was not required to give a statement, and that any statement given by him might be used against him; that there was no mistreatment of the appellant; that no

promises or other inducements were made; and that no pressures were resorted to in order to secure the confession. The appellant's testimony was to the contrary. Following the hearing the district court ruled that the confession was not inadmissible as a matter of law, but that whether or not such confession was voluntary presented an issue of fact to be determined by the jury.

■ All of the witnesses who testified before the district court in chambers, including the appellant, were examined at great length before the jury as to the voluntary character of the confession. We have reviewed the entire record and are satisfied that the confession was not as a matter of law inadmissible. The question of fact as to the voluntary character of the confession was properly submitted to the jury for its determination. This subject was covered by complete and appropriate instructions to the jury, one of which stated:

> "Unless you find beyond a reasonable doubt that the written confession so made by the defendant while he was in custody was freely and voluntarily made, that it was not made under any sense of fear or made as the result of any intimidation or coercion, or as the result of any promise, and unless you further find that the defendant thoroughly understood the nature of the confession and the contents thereof, and knew that he was under no obligation of any kind to make it, then you must disregard said written confession and not consider the same as any evidence whatsoever against the defendant."

The district court did not err in rejecting appellant's proffered instruction on the same subject.

■ Specification (3) is without merit. Appellant was not charged with the crime of forgery. However, the district court stated to the jury, "By the indictment in this case, the defendant has been charged with the crimes of burglary not in a dwelling house, forgery, and larceny in a building." The court then proceeded to read all of the counts of the indictment, listing the essential elements of each of the offenses. Clearly the jury understood that the appellant was not charged with the crime of forgery, but instead with the crime of uttering and publishing forged checks. In our view the error, if any, of the trial court was completely harmless.

■ In specification (4) appellant contends that the "Sports Fishing" license was obtained from him by means of an illegal search and seizure and that the "entire sequence of events leading to the accumulation of evidence adverse to the appellant, was initiated by the unlawful search of his person and the seizure of an allegedly falsified fishing license, * * *" and "that the ill gotten fruits of the unlawful search and seizure referred to above have become so tainted as to be likewise inadmissible in evidence, * * *". The record does not bear out the appellant's contention that the fishing license was obtained in such a way as to violate the Fourth Amendment to the Constitution. As far as the record indicates, appellant offered no objection to the examination of the fishing license by the law enforcement officers. The record is clear that the appellant was under suspicion and investigation by the officers of some of the offenses set forth in the indictment prior to the fishing license incident. In any event, from our examination of the record in this case we conclude that the causal relationship between the alleged illegal conduct of the officers and the evidence offered by appellee is too casual and attenuated to cause us to invoke the rule for which appellant contends. See United States v. Place, 2 Cir., 1959, 263 F.2d 627, certiorari denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535; 360 U.S. 920, 79 S.Ct. 1439, 3 L.Ed.2d 1535; and Gregory v. United States, 1956, 97 U.S.App.D.C. 305, 231 F.2d 258, certiorari denied 352 U.S. 850, 77 S.Ct. 69, 1 L.Ed.2d 61.

■ Under specification (5) appellant contends that the district court erred in permitting the clerk and official custodian of the records of the United States Commissioner's office to testify with respect to prior proceedings in the United States Commissioner's court. Such proceedings related to count three of the indictment, and showed that the appellant had been held to answer by the Commissioner. Since such testimony related to a count in the indictment of which the jury had been fully advised, we hold that the admission of such testimony was not prejudicial.

Before discussing the alleged errors contained in specification (6), it is necessary to summarize the evidence received on behalf of the appellee aliunde the confession. Such evidence may be summarized as follows:

That the offices of the William A. Smith Contracting Company were broken and entered into on or about the 16th day of June, 1957; that subsequently 85 payroll checks were found to be missing from said offices, all of which were numbered; that appellant had been employed to do janitor work at said offices for three days preceding the breaking and entry; that the checks described in counts two and three were two of the checks which were found to be missing; that the signature of the maker on each check had been forged; that the payee named in each check was not an employee of the William A. Smith Contracting Company; that each check bears as an endorsement the same name appearing as the payee thereof; that both checks were cashed by the Union Club, an Alaska corporation; that appellant gave to one Joshua Davis four checks of the William A. Smith Contracting Company similar to the checks described in counts two and three, but bearing the name of a different payee, and an identification card bearing the name of Joe Hill; that Davis endorsed the checks and received cash therefor; that appellant stated to Davis that he got the checks by breaking in;

That appellant performed janitor work at the Alaska Housing Authority on May 11, 1957, and on another occasion two weeks before that date; that upon receiving calls from the bank in Anchorage an inventory was taken of its check forms, and 25 to 30 checks not pre-numbered were found missing; that the checks described in counts six and seven were checks of the Alaska Housing Authority; that the signature of the maker on each check was forged; that the payee "Bobby Wilson" named in each check was unknown to the Alaska Housing Authority; that each check bears as an endorsement the name appearing as the payee thereof; that the check described in count six was cashed by the Spenard Cocktail Lounge, an Alaska corporation; that said check was presented by the appellant who received payment therefor; that the check described in count seven was cashed by Monty's Store, an Alaska corporation.

■ The foregoing summary has been prepared in the light of the fact that evidence must be viewed in the light most favorable to support the judgment. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Williams v. United States, 9 Cir., 1959, 273 F.2d 781; Robinson v. United States, 9 Cir., 1959, 262 F.2d 645.

We have considered the alleged errors set forth under specification (6) in the light of the foregoing summary of facts and the principles of law set forth by the Supreme Court of the United States in Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192. In Opper, 348 U.S. at page 93, 75 S.Ct. at page 164 the Court stated:

"Whether the differences in quantum and type of independent proof are in principle or of expression is difficult to determine. Each case has its own facts admitted and its own corroborative evidence, which leads to patent individualization of

the opinions. However, we think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States, post, [348 U.S.] p. 147 [75 S.Ct. 194]. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt."

In Smith, the Court stated in 348 U.S. at page 156, 75 S.Ct. at page 199:

"There has been considerable debate concerning the quantum of corroboration necessary to substantiate the existence of the crime charged. It is agreed that the corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that defendant is guilty. Gregg v. United States [8 Cir.], 113 F.2d 687; Jordan v. United States [4 Cir.], 60 F.2d 4; Forte v. United States, supra; Daeche v.

United States, supra. But cf. United States v. Fenwick [7 Cir.], 177 F.2d 488. In addition to differing views on the substantiality of specific independent evidence, the debate has centered largely about two questions: (1) whether corroboration is necessary for all elements of the offense established by admissions alone, compare Ercoli v. United States, supra, and Pines v. United States, supra, with Wynkoop v. United States, supra, and Pearlman v. United States [9 Cir.], 10 F.2d 460, and (2) whether it is sufficient if the corroboration merely fortifies the truth of the confession, without independently establishing the crime charged, compare Pearlman v. United States, supra, and Daeche v. United States, supra, with Pines v. United States, supra, and Forte v. United States, supra. We answer both in the affirmative. All elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused. Cf. Parker v. State, 228 Ind. 1, 88 N.E. 2d 556 [89 N.E.2d 442]."

■ The confession of appellant was a complete confession of the offenses of which he was convicted. In our view there was sufficient independent evidence to establish the corpus delicti of the various offenses charged within the views expressed by the Supreme Court, and sufficient independent evidence to bolster and fortify the truth of the confession.

The judgment of the district court is affirmed.