ORGANIZED VILLAGE OF KAKE,
Appellant,

v.

William A. EGAN, Governor of the State
of Alaska, Appellee.

ANGOON COMMUNITY ASSOCIATION,
Appellant,

v.

William A. EGAN, Governor of the State
of Alaska, Appellee.

Nos. 22, 23.

Supreme Court of Alaska.

Aug. 1, 1960.

John W. Cragun, Washington, D. C., Charles Cloudy, R. L. Jernberg, Ketchikan, for appellants.

Ralph E. Moody, Atty. Gen., of Alaska, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

## PER CURIAM.

R. L. Jernberg and C. L. Cloudy, attorneys authorized to practice law in the courts of the State of Alaska, have filed with this court their motion seeking permission to withdraw as counsel for the appellants, the Organized Village of Kake and the Angoon Community Association.

These counsel represented appellants [plaintiffs below] when these cases were commenced on June 22 and 24, 1959 in the interim District Court for the District (Territory) of Alaska, for the purpose of enjoining the Governor of Alaska from enforcing a statute [Ch. 17 S.L.A.1959, as amended by Ch. 95 S.L.A.1959] making it a criminal offense to fish with traps. After a decision by that court adverse to appellants [174 F.Supp. 500], counsel were successful in securing from Mr. Justice Brennan of the United States Supreme Court, on July 11, 1959, a stay of the judgment of the District Court pending final disposition of appeals which were later taken to the United States Supreme Court [80 S.Ct. 33, 4 L.Ed.2d 34].

Those appeals, consolidated with the appeal in the case of Metlakatla Indian Community et al. v. Egan, Governor of Alaska et al. [File No. 21 in this court], were eventually heard by the United States Supreme Court. On June 20, 1960 that Court, 80 S.Ct. 1321, filed its written opinion directing appellants to pursue for disposition, not inconsistent with such opinion, appeals from the same judgment which were then pending in the Supreme Court of the State of Alaska.

The notices of appeal, filed in this court on December 4, 1959, were combined with motions requesting extensions of time for the taking of steps necessary to secure review by this court of the judgment appealed from, for the reason that the cases were already pending on appeal in the United States Supreme Court and had not been determined there. The notices and motions were signed on behalf of appellants by John W. Cragun, Esq., of Wilkinson, Cragun and Barker, Washington, D. C., who are counsel not admitted to practice in the courts of Alaska. Because of this fact, the clerk of this court wrote to Mr. Cragun on December 4, 1959, pointing out that under the rules of this court[1] attorneys not admitted to practice law in Alaska are not qualified to practice before the Supreme Court of Alaska, and that before the court could entertain the motions for extensions of time it would be necessary for them to be submitted by a member of the Bar of this court.

On December 21, 1959, Mr. Cloudy and Mr. Jernberg wrote to the clerk of this court asking that they be listed as attorneys for the appellants in these cases. Presumably this action was taken in response to the clerk's letter of December 4 to Mr. Cragun; for counsel state in their affidavit in support of the motion to withdraw that—

"* * * on or about December 21, 1959, said John W. Cragun, who is and was not admitted in the Courts of Alaska, filed in this court appellants' notices of appeal, which affiants, as a courtesy to said John W. Cragun and in order that said appeal could be filed under the rules of this court and with-

1. The rules referred to are more fully discussed on pages 4 and 5 of this opinion.

in the time limits it established therefor, authorized the Clerk of this Court to list our names on said notices of appeal."

In this affidavit, which has not been controverted, counsel state that they represented appellants under employment contracts that had been approved by the United States Department of Interior; that they had fully performed their obligations under such contracts when a stay was obtained from Mr. Justice Brennan on July 11, 1959; that since that time they have not been employed by appellants and have no contractual relationship with appellants or with Mr. Cragun who represented appellants on the appeals in the United States Supreme Court; and that they cannot represent appellants in the absence of a valid employment contract because appellants are Indian villages organized under federal law and any such employment relationship would have to be first approved by the Secretary of the Interior. Counsel further assert that the contracts under which their legal services had been performed were dishonored for payment by the Secretary of the Interior, or his subordinates on his behalf, and that counsel have been paid nothing for their services except an advance retainer which was fully expended for costs of trying the cases before their completion. In the light of this, counsel feel that even if a new contract were entered into with the appellants, they would not feel secure in relying upon the approval and validation thereof by the Secretary of the Interior or his subordinates. For these reasons, counsel ask that they be permitted to now withdraw as attorneys for the appellants.

Counsel assert that it would be unfair to them to be required by this court to proceed with the appeals when they have not been compensated for past services and have no means of recovering for the services they would perform in the future. This court is not in a position to pass on counsels' claim of unfairness. It would appear, however, that if counsel have been treated unfairly it has been at the hands of officials of the Department of the Interior and not by their clients or outside associate counsel.

In determining this motion the court must be guided by considerations additional to those concerned with the obligation of the client to pay his attorney what is due. Counsel entered their appearance on behalf of appellants in this court in December 1959. There were no reservations or conditions attached. From that time until quite recently the appeals lay dormant pending consideration of these cases by the United States Supreme Court, and at no time in this period of approximately six months did counsel give any indication that they did not intend to carry the appeals in this court through to final disposition. It is only now—when for the first time since the appeals were initiated other steps must be taken to perfect the appeals—that counsel have notified the court of their intentions and wishes.

Rule 4 of the rules of this court provides that attorneys admitted to practice law in the State of Alaska shall be qualified to practice in this court. No mention is made of nonresident attorneys. This rule was implemented by revised Rule 46(f), effective July 1, 1960, which requires that all documents presented to the court, other than records, must bear the manuscript signature and post office address of "the member of the bar of this court who is counsel of record for the party concerned, and upon whom service is made." The necessary meaning of these rules is that attorneys not admitted to practice law in the State of Alaska are not qualified to practice before this court. The obvious purpose of this requirement is that when a case is pending in this court there will be full amenability to the authority of the court at all times and at all stages of the proceedings. This emphasizes the responsibility that Alaska counsel has to his client and to this court—a responsibility that once assumed cannot be avoided except on a proper showing. Particularly is this true when, as here, the case at hand is of such vital importance to the entire State of Alaska.

It was only in reliance on the appearance of Alaska counsel that the appeals were permitted to be filed on December 4, 1959. An order was made by this court on February 19, 1960 holding any further proceedings in abeyance until the cases had been determined by the United States Supreme Court in the expectation that if the decision of that court required further processing of the appeals in this court, Alaska counsel would be available to do so.

To permit counsel to withdraw at this stage of the proceedings would be to negate the policy thus adopted by this court, and would frustrate the objective of the rules requiring Alaska counsel to appear in all matters that come before this court.

■■ In the absence of substitution of other Alaska counsel, the showing made in support of the motion to withdraw is not sufficient. This court will always assume that Alaska counsel have made satisfactory arrangements for their compensation before taking on the responsibility of entering their appearance, even though they may be doing so to assist outside counsel.

The motion to withdraw is denied—subject, however, to reconsideration if substitution of Alaska counsel is effected prior to September 6, 1960.