Merrill Mack **MOSER** and Jackson Fee,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 20588.

United States Court of Appeals
Ninth Circuit.

July 28, 1967.

Arthur H. Tibbits, San Francisco, Cal.,
for appellant, Moser.

William C. Gordon, Gayle Rosenkrantz,
San Francisco, Cal., for appellant, Fee.

John K. Van de Kamp, U. S. Atty.,
Robert L. Brosio, Dennis Kinnaird, Asst.
U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLIN, JERTBERG and
KOELSCH, Circuit Judges.

PER CURIAM.

Appellants were indicted by a federal
grand jury in the Southern District of
California, July 27, 1963, for the crime
of bank robbery (18 U.S.C. § 2113(a))
allegedly committed by them in Los Angeles, California on June 17, 1963. They
were tried and convicted June 1, 1965,
approximately 22 months later.

On this appeal appellants contend that
this delay constituted a violation of the
Speedy Trial Clause of the Sixth Amendment and additionally that their confessions, which were admitted over their objection at the trial, were coerced.

1. SPEEDY TRIAL

■ "The right to a speedy trial is
necessarily relative. It is consistent with

delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905). And "the authorities demonstrate that the balance between the rights of public justice and those of the accused has been upset against the Government only where the delay has been arbitrary, purposeful, oppressive or vexatious." Smith v. United States, 331 F.2d 784, 787, 118 U.S.App. D.C. 38 (1964). Thus viewed, the delay in bringing these defendants to trial, although considerable, was not in our judgment so unreasonable as to require or warrant dismissal of the charge against them.

The record shows that at the time the indictment was returned, the defendants were in custody in Tennessee on an entirely different charge. They had held up the Merchants and Farmers Bank at Greenback, Tennessee on July 12, 1963 and were arrested there on the same day for that crime. The proceedings in Tennessee did not conclude until late October, when appellants were sentenced to prison terms of 24 years which they then started to serve.

It also shows that from the time of appellants' arrest until they were tried on this indictment the prosecution was diligently conducting an extensive search for a third person, whom both appellants declared had actively participated with them in the Los Angeles robbery.

And additionally the record discloses that appellants, upon their initial request, were immediately arraigned in the District Court and a trial was held within a period of 60 days afterward.

■ The time consumed in the Tennessee proceedings can hardly be considered in determining whether there was a delay; some allowance may properly be made for the prosecution for time spent in attempting to secure additional proof against the appellants [Harlow v. United States, 301 F.2d 361 (5th Cir. 1962)] particularly where the object of the search was to locate a probable accom-

plice and hence a potential codefendant; and appellants' failure to demand a trial at an earlier time could readily be considered a waiver on their part. United States v. Lustman, 258 F.2d 475 (2d Cir. 1958), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); Danzinger v. United States, 161 F.2d 299 (9th Cir. 1947), cert. denied 332 U.S. 769, 68 S.Ct. 81, 92 L.Ed. 354 (1947); Collins v. United States, 157 F.2d 409 (9th Cir. 1946); D'Aquino v. United States, 192 F.2d 338 (9th Cir. 1951), cert. denied 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343 (1952); Annot. 57 A.L.R.2d 302 § 10. Moreover, appellants being in custody and serving sentences for the Tennessee robbery were not victims of "oppressive incarceration prior to trial" [United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed. 2d 627 (1966)]; neither did they assert, nor does anything in the trial record tend to show, that because of the lapse of time they were prejudiced in making their defense.

## 2. COERCED CONFESSIONS.

■ "Whether a confession is voluntary depends upon the facts that surround it, and the judge's decision is final as to its competence except in those cases * * * in which the finding of fact is plainly untenable." United States v. Gottfried, 165 F.2d 360, 367 (2d Cir. 1948), cert. denied 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139 (1948), quoted with approval in Ortiz v. United States, 318 F.2d 450, 452 (9th Cir. 1963). In the case at bar, the trial judge before ruling the confessions admissible held a lengthy preliminary hearing to determine whether there was evidence from which the jury might determine beyond a reasonable doubt that the confessions were freely and voluntarily given.

■ As is usually true at such hearings—see for example Leonard v. United States, 278 F.2d 418 (9th Cir. 1960)—the witnesses for the prosecution and those for the defense differed materially in most respects as to the milieu in which the confessions were given. An exposition of all this evidence would serve no

useful purpose; suffice to say that the transcript of the hearing reveals substantial proof to support the trial judge's conclusion and ruling.

The judgment is affirmed.