## ROBERT WILLIAM WALLACE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5525

November 7, 1968                    447 P.2d 30

*Leslie M. Fry* and *Richard C. Minor,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The appellant, Wallace, was sentenced to imprisonment for life without the possibility of parole for having committed first degree murder. He contends that major errors occurred at trial with respect to the admissibility of three items of evidence— his confession, a colored photograph of the decedent, and

certain expert opinion testimony. Subordinately, he complains of the trial court's refusal to give five jury instructions which he had submitted. The latter complaint has no merit at all since the subject matter of each of the proffered instructions was adequately covered by instructions that were given. Multiple instructions upon the same subject are not required. Carlson v. State, 84 Nev. 534, 445 P.2d 157 (1968). Neither do we perceive error with regard to the evidentiary matters and, therefore, affirm the conviction. However, brief comment in this connection may be useful.

1. Wallace shot and killed Landra Nielson and then shot himself in the lower portion of his face. About an hour and a half later he was interrogated by police officers while seated on a gurney in the hospital emergency room. He had been given no medication and was bleeding from the self-inflicted wound. Before interrogation commenced, Wallace was orally given the Miranda warnings, and he then signed a written ackowledgment which again advised him of his rights. He read the written form back to the officers and, when asked if he understood what he had read, replied in the affirmative. Thereafter, questions were asked and responses given. His responses amounted to a full oral confession.

The prosecution did not offer testimony concerning the oral confession during presentation of its case in chief. The defendant testified and, among other things, portrayed himself as grossly intoxicated at the time of the homicide. Testimony about the oral confession was offered by the State during rebuttal to impeach the defendant's testimony since the substance of the confession given but an hour and a half later tended to establish premeditation in spite of intoxication.

The basis for complaint is that any confession secured under the circumstances here involved cannot be deemed voluntary and without coercion since the suspect was in pain and surrounded by officers of the law. The trial court, in the absence of the jury, received evidence on that issue, and ruled that a police officer could testify to the accused's oral confession. There is substantial evidence to support that ruling. The fact that the oral confession was offered during rebuttal rather than during the State's case in chief is not cause for complaint (State v. Holt, 47 Nev. 233, 244, 219 P. 557 (1923)) if the evidence tends to impeach on a material point. The defendant's degree of intoxication was a material point.

2. The colored photograph of the nude decedent was taken at the morgue. The doctor used that photograph to explain to the jury the various wounds and their relation to the cause of death. It is not suggested that the photograph was inaccurate. Since the purpose of trial is to ascertain and disclose the truth we will not subvert that purpose and declare relevant photographic evidence inadmissible simply because it damages the defense. Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968).

3. The defendant testified to his gross intoxication. A defense psychiatrist gave his opinion that at the time of the homicide the defendant was suffering from "substantial alcoholic intoxication." In rebuttal the State offered the opinion of a psychiatrist that the defendant knew the nature and quality of his act, and had the capacity to premeditate, form a specific intent, and entertain malice when he shot Landra Nielson. The State's psychiatrist had not examined the defendant. His opinion was given in response to a hypothetical question which excluded evidence in the case concerning the defendant's intoxication. The defense objection to this opinion testimony was threefold: first, that the hypothetical question did not include all relevant evidence; second, that the doctor's opinion was based wholly, or in part, upon heresay information secured from conversations with other persons out of court; third, that the doctor had been permitted to listen to the testimony of the defense psychiatrist in violation of an earlier order of the court excluding witnesses from the courtroom. In the context of this case none of the objections is sound. The district court properly allowed the State's psychiatrist to give his opinion.

A hypothetical question need not include all evidence in the case which is relevant to the opinion sought from the witness. The examiner may select those facts from the evidence which are compatible with his theory of the case, and ask for an opinion based upon those facts. Van Fleet v. O'Neill, 44 Nev. 216, 225, 192 P. 384 (1920). This is precisely what occurred here. Defense counsel during cross-examination had the opportunity to inquire whether the opinion of the witness would be different had the hypothetical question included facts showing gross intoxication. This, counsel failed to do. His failure in this regard does not, however, lend validity to his initial objection. Cross-examination and not objection is the weapon with which

to elicit the opinion of the witness upon the facts as the adversary contends them to be. United States v. Sessin, 84 F.2d 667, 669 (10 Cir. 1936).

A close reading of the record does not reveal that the doctor's opinion was based wholly, or in part, upon hearsay information secured from conversations with other persons outside of court. Indeed, the doctor was never asked if such was the case. All that the record shows is that the doctor did have conversations with other persons about the defendant. Thus, we do not reach the situation presented to the court in People v. Keough, 11 N.E.2d 570 (N.Y. 1937), upon which the appellant relies.

Early during the trial the court entered an order excluding from the courtroom any witness of the adverse party, not at the time under examination, to preclude his hearing the testimony of other witnesses. NRS 48.250. Later, when the defense psychiatrist was called to testify, the prosecutor requested the court to allow the State's psychiatrist to remain in the courtroom and listen to the defense expert's testimony. It was permissible for the court to so relax the exclusionary rule previously invoked. Elizabeth River Tunnel District v. Beecher, 117 S.E.2d 685, 691 (Va. 1961); Oskison v. Bagby, 46 P.2d 331, 333 (Okla. 1935). Indeed, it is doubtful that the order excluding witnesses from the courtroom was meant to reach witnesses in rebuttal since their identity is frequently not known when the exclusionary order is made. Hughes v. State, 148 S.W. 543, 556 (Tenn. 1912); Heaton v. Dennis, 52 S.W. 175, 177 (Tenn. 1899).

We direct the lower court to give appellant's court-appointed counsel the certificate specified by NRS 7.260(3) for compensation of services on this appeal.

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.