DONALD FRANCIS LEWIS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5989

March 26, 1970                    467 P.2d 114

· John M. Barry, of Reno, for Appellant.

Harvey Dickerson, Attorney General, William J. Raggio, District Attorney, and Kathleen M. Wall, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

At or about 1:50 a.m. of January 19, 1969 two police cars were proceeding north of Reno on Highway 395 to check on a 1958 Ford that was parked in the parking lot of a super market. One police car stopped behind the parked Ford, left the headlights and taillights burning and the officer focused a spotlight on the parked auto. The other police car drew up to the right of the Ford with its red light and two spotlights operating. The scene of the accident that followed was therefore well lighted.

Police officer Nearpass engaged Hampton, the driver of the Ford, in conversation on the driver's side. Officer Raue was questioning a man named Hunt on the passenger's side. Officer Mills was standing by the left rear fender of the Ford which was facing north about 18 feet off the roadway. An approaching speeding car was seen by Officer Raue who screamed a warning, but it was too late. The car struck Mills, Nearpass and Hampton killing Mills and seriously injuring the other two.

Later a 1960 DeSoto was found at the bottom of a nearby gully without an occupant. Police officer Goodson had seen that car and Donald Francis Lewis earlier in the evening at the Mapes Hotel in Reno. His description was the same as that of a person observed in a trailer close to the area of the accident. Lewis was found there, arrested and was later convicted of the crimes of felony drunk driving, failure to stop and report a motor vehicle accident and involuntary manslaughter.

On appeal Lewis principally relies on what he claimed to have been improper admonitions from law enforcement officers prior to his certain statements, i.e., that on the evening of the accident he was the victim of a hitchhiker who beat and robbed him, and that it was the hitchhiker driving when the

accident happened, not Lewis. Tests showed Lewis was quite intoxicated.

1. When the officers first entered the trailer they asked Lewis to identify himself, which he did, whereupon they arrested him. They advised him of his rights three times. After being advised of his rights Lewis repeated the hitchhiker story several times. It is not clear just what his objection is but, in any event, exculpatory or inculpatory statements are subject to the same exclusionary rule. State v. Owen, 394 P.2d 206 (Ariz. 1964). The exculpatory statements were admissible. Even though Lewis was intoxicated the evidence supports the trial court's ruling that the statements were freely and voluntarily given after appropriate warnings. Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968).

2. Other assignments of error also are without merit. Lewis complained of excessive publicity but there was not such news saturation as to be prejudicial. Bean v. State, 86 Nev. 80, 465 P.2d 133 (1970); Walker v. State, 85 Nev. 337, 455 P.2d 34 (1969); Hanley v. State, 83 Nev. 461, 434 P.2d 440 (1967). Neither do we find a problem of ineffective counsel, Bean v. State, supra, nor of error in the admission of certain photos and a parking ticket into evidence.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.