**David Lee HELMICK, Appellant,**

v.

**H. C. CUPP, Warden, Appellee.**

**No. 24102.**

United States Court of Appeals,
Ninth Circuit.

Jan. 18, 1971.

**322**

Phillip D. Chadsey, argued, Portland, Or., for appellant.

Jacob B. Tanzer, argued, Sol. Gen., Lee Johnson, Or. Atty. Gen., David H. Blunt, Asst. Atty. Gen., Salem, Or., for appellee.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

■ Habeas corpus. We agree with the district court that petitioner Helmick was not denied due process because three arresting sheriff's deputies, one of whom testified as a witness for the prosecution, drove the jurors to the scene of the crime, after being designated by the trial judge as bailiffs for that purpose. The facts in this case relevant to the matter differ materially from those in Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), a decision upon which Helmick relies.

Here, as the record discloses, the association between the deputies and the ju-

rors was casual and short lived, for the deputies simply were chauffeurs on a trip which lasted no more than forty-five minutes; conversely in *Turner* the contact was not "a brief encounter but a continuous and intimate association throughout a three day trial—an association which gave these witnesses an opportunity, as Simmons put it, to renew old friendships and make new acquaintances among the members of the jury." 379 U.S. at 473, 85 S.Ct. at 550. And, what is more important, here the deputy's testimony did not concern the crime itself but was directed to matters about which there was no real issue—i. e., the authenticity of the signature on Helmick's confession and the victim's age; thus the deputy testified in substance that he and the other two deputies witnessed Helmick sign the instrument and that the girl was 17 years old; however, in *Turner*, the testifying deputies were "[t]he two principal witnesses for the prosecution"; [379 U.S. at 467, 85 S.Ct. at 547] and their testimony "was not confined to some uncontroverted or merely formal aspect of the case for the prosecution. On the contrary, the credibility which the jury attached to the testimony of these two key witnesses must inevitably have determined whether Wayne Turner was to be sent to his death." 379 U.S. at 473, 85 S.Ct. at 550.

■ As *Turner* makes clear, the Court declared no per se rule that mere contact or association between a witness for the prosecution and a member or members of the jury constitutes the trial unfair in the constitutional sense; more must appear to affect the validity of a conviction. In *Turner*, the "more" was present in the form of the great likelihood that, because of the association, the jury gave undue credence to material witnesses and undue weight to their testimony; here, even if the assumption is indulged that the jurors favored this deputy, nevertheless his testimony was not harmful; nor do other facts or cir-

cumstances appear to create an aura of probable prejudice.[1]

We must disagree with appellant's contention that "due process requires that a court in passing on the question of voluntariness of a confession, make express findings of fact concerning all, not just some, disputed issues of fact bearing on the voluntariness of the statement." Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the case relied upon by appellant for this proposition, dictates no such requirement. The Court was primarily concerned with procedures; it declared that a jury must not hear a confession until and unless the trial judge, after a full hearing, has first made a judicial determination that it was voluntarily given. But the Court also indicated that the determination, both of the ultimate fact and the underlying facts, need not be express, but might be implied from the record. Thus, the *Jackson* court, recognizing the constitutional validity of "the orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession, or those following the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused," [378 U.S. at 378, 84 S.Ct. at 1781] pointed out that in either instance "the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed is-

sues of fact are expressly stated or may be ascertainable from the record." 378 U.S. at 379, 84 S.Ct. at 1782. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) is to the same effect.

In the instant case, the state court record, introduced as an exhibit in the district court, discloses that the trial judge followed the Massachusetts procedure. And the record also shows that, at the conclusion of the in camera hearing, at which both Helmick and the State were freely permitted to adduce proof on the issue of voluntariness, the judge orally announced "It will be the ruling of the Court that the alleged confession was voluntarily made after the defendant had been effectively warned of his constitutional rights to remain silent. * * *" This express declaration by necessary implication demonstrates "with unmistakable clarity" [Sims v. Georgia, *supra*, 385 U.S. at 544, 87 S.Ct. 639] that the judge resolved the underlying factual issue against Helmick.

In this condition of the record the district court might have dispensed altogether with an evidentiary hearing and accepted as valid the state judge's conclusion.[2] Nevertheless, the district court conducted an entirely new hearing and independently found all issues against petitioner. Thus, even if the trial judge's determination had lacked specificity, the defect was rendered immaterial.[3]

The judgment denying the writ is affirmed.

1. At the habeas corpus hearing in the district court, the witness-deputy testified that no mention of the case was made at any time, although one of the jurors did ask him for information about a traffic law which he was unable to give. True, neither of the two non-testifying deputies was called, but we are not prepared to speculate that either may have committed some gross impropriety while carrying out the trial court's order. See Bowles v. Texas, 366 F.2d 734 (5th Cir. 1966).

2. The failure of the trial judge to give any instruction on burden of proof on

the issue of voluntariness of the confession or to give a detailed instruction setting out factors constituting voluntariness raises no federal question. The trial judge's determination fully protected Helmick's constitutional rights. Jackson v. Denno, *supra.*

3. We read Jackson v. Denno not as a denial of jurisdiction of a federal habeas corpus court to hear and determine the issue of voluntariness of a confession, but simply as a recognition of a general policy that the matter should be decided in the state court.