**Robert William WALLACE, Appellant,**

v.

**Carl G. HOCKER, Warden, the Nevada State Prison, Appellee.**

No. 24526.

United States Court of Appeals, Ninth Circuit.

April 13, 1971.

Carter, Circuit Judge, dissented and filed opinion.

Robert William Wallace, in pro. per.

Harvey Dickerson, Nev. Atty. Gen., Carson City, Nev., for appellee.

Before ELY, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Robert Wallace, a Nevada state prisoner, appeals from an order denying his petition for habeas corpus without an evidentiary hearing.

Wallace was convicted of first degree murder after a trial before a jury. In the course of the trial, the prosecution presented expert psychiatric testimony in the form of responses of a qualified psychiatrist to hypothetical questions. That psychiatrist was allowed to observe part of the trial, although witnesses had theretofore been excluded. The state also introduced into evidence, over the objection of petitioner, certain inculpatory statements made shortly after his arrest.

In his petition, Wallace claimed that the prosecution had suppressed evidence and that the state court erred (1) in allowing a psychiatrist, who had not personally examined him, to testify for the state, (2) in permitting that psychiatrist to remain in the courtroom after the exclusion of witnesses rule had been invoked, and (3) in admitting before the jury his inculpatory statements without an initial voluntariness determination by the court.

Wallace says that the prosecution did not produce a liquor bottle that had been left at the scene of the crime or his own statements shortly after the crime indicating that he was intoxicated at the time of the offense. Wallace knew about both items of evidence, and he did not request the production of either. The failure of the state *sua sponte* to produce the evidence under these circumstances provides no foundation for a suppression claim. (*See* Palakiko v. Harper (9th Cir. 1953) 209 F. 2d 75, 94–95.)

■ His contentions about the psychiatrist's testimony and the psychiatrist's presence after the exclusion rule had been invoked raise no federal question. These are matters of state policy with which the federal courts are not concerned.

■ Wallace's final contention has substance. In Jackson v. Denno (1964) 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, the Court held that a defendant's inculpatory statements cannot be presented to a jury unless those statements had been theretofore found voluntary by a separate tribunal. When the initial determination is to be made by the trial judge, he must resolve all of the factual conflicts upon which the voluntariness issue depends, following a full evidentiary hearing. A conviction cannot be sustained in the face of a claim that it was the product of the improper admission of self-incriminating statements of the defendant, unless the record clearly establishes compliance with Jackson. (Sims v. Georgia (1967) 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Javor v. United States (9th Cir. 1968) 403 F.2d 507).

■ There was evidence before the state court that the inculpatory statements were taken from Wallace when he was suffering from a serious gunshot wound and at a time when he may have been intoxicated as well. Wallace objected to the admission of these statements on the ground that they were not voluntary. The trial court made no preliminary findings about Wallace's physical condition when the statements were made. When the question arose as to whether the defendant had been intoxicated at the time the statements were given, the court stated, "I don't know; and how much, I don't know." When defendant's counsel argued that the gunshot wound and the accompanying pain would have made it impossible for defendant to have made a voluntary statement, the court said, "Maybe, Mr. Fry, some of those things that you have referred to are factors which may be tak-en into consideration by the jury when the jury makes its final determination as to the validity of the confession, but I think, for my purpose, for our purpose here, I should at least let the jury listen to the story." To prevail, the petitioner need only show that the record is ambiguous as to what function the court was trying to fulfill, to show, for example, that the court believed that its function was only to determine whether the Government had presented a prima facie case for voluntariness. (Javor v. United States (9th Cir. 1968) 403 F.2d 507.) Here the record is not only ambiguous, it also supports the contention that the court was not following *Jackson*. The strong inference from the statements quoted above is that the trial court did not think that it had to resolve the conflicting evidence as to defendant's physical condition. It therefore made no meaningful finding of any kind on the voluntariness issue. *Jackson-Javor* error is thus apparent.

The order is reversed and the cause is remanded to the district court to allow the State a reasonable time to afford Wallace a hearing or a new trial, failing which Wallace is entitled to his release.

JAMES M. CARTER, Circuit Judge (dissenting).

I dissent from the majority opinion:

(1) in its handling of the Jackson v. Denno problem, and

(2) in its holding that the question was raised below.

I would affirm.

The majority holds that the Nevada trial judge "made no preliminary finding about Wallace's physical condition when the statements were made."

As shown hereafter, this issue was never raised in the state trial court, or on appeal to the Nevada Supreme Court, or before the district court below. Instead, the issue was whether the confession was voluntary and whether there had been sufficient compliance with the *Miranda* rule to permit the admission of the confession.

222

The record of the trial in the state court shows that after the defendant rested, the state called officer Pelizzari preparatory to offering the statements and confession of the defendant. The jury was then excused. [Tr. p. 304] The trial court then stated, "Well I guess we are now in the voir dire process of determining whether or not the proper foundation was laid in accordance with the Supreme Court decisions. Is that right?

Mr. Ahlswede: (The prosecuting attorney) That's right.

The Court: And this is outside the presence of the jury. *This is my initial determination to make.*" [Tr. p. 305]

There followed discussion and evidence as to the *Miranda* warning given the defendant, the condition of the defendant, the surroundings in which the confession was made, and the statements of the defendant, all outside the presence of the jury. At the beginning of the afternoon session, with the jury absent, the court stated: "All right. Now we are on the voir dire proceedings in connection with the proposed offer of the defendant's confession. I believe the *burden is upon you Mr. Ahlswede, to continue to show its voluntariness.* Would you proceed." [Tr. p. 318].

Following further testimony from the witness the court stated, "All right. I guess you have nothing further to say." (referring to defense counsel Mr. Fry). "All right, my idea about this is that there has been a sufficient compliance, as I indicated when I admitted the so-called acknowledgment in evidence at the noon recess." (The reference was to the written acknowledgment by appellant that he had been given his full *Miranda* warnings). "Maybe Mr. Fry, some of those things you have referred to are factors which may be taken into consideration by the jury when the jury makes it *final determination* as to the validity of the confession, but I think for my purpose, for our purposes here I should at least let the jury listen to the story —the witness will be permitted to testi-

fy to the oral conversation he had with the defendant on the night in question." [Tr. pp. 324–25].

Thereupon, the jury returned and witness Pelizzari repeated his previous testimony and was cross-examined. George A. Randall, a police officer, was examined as to the occurrences at the time the appellant gave his confession. Harry Francis Cuillard, another police officer, was examined as to the occurrences at the time the confession was given and as to the statements made by the appellant. Richard Tuttle, a court reporter was examined as to how he transcribed the statement of the appellant.

I

Thus it appears that the trial judge *knew and stated that he must make the initial determination* (as quoted above), and ruled that there had been sufficient compliance with the Supreme Court decisions on voluntariness to admit the confession.

The Nevada court was using the Massachusetts procedure "under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused * * *." Jackson v. Denno, 378 U.S. 368, 378, 84 S.Ct. 1774, 1781 (1964). The New York procedure found invalid in Jackson v. Denno, permitted the jury to return a general verdict on the question of guilt or innocence without a prior hearing and decision by the trial judge that the confession was voluntary. Under such procedure, it was impossible to discover whether a jury found the confession voluntary and relied on it, or involuntary and supposedly ignored it. Jackson v. Denno, (p. 379, 84 S.Ct. 1774). Thus, under the New York procedure, the involuntary confession could go to the jury and affect the verdict.

In Helmick v. Cupp, 437 F.2d 321 (9 Cir., 1971), this court stated:

"Thus, the *Jackson* court, recognizing the constitutional validity of 'the orthodox rule, under which the judge himself solely and finally determines

the voluntariness of the confession, or those following the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused,' [378 U.S. at 378, 84 S.Ct. at 1781] pointed out that in either instance 'the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record.' 378 U.S. at 379, 84 S.Ct. at 1782. Sims v. Georgia, 385 U.S. 538, 87 S. Ct. 639, 17 L.Ed.2d 593 (1967) is to the same effect. * * *"

I think that the Nevada trial court's ruling and the fact that it admitted the confession into evidence following an extensive "voluntariness" hearing sufficiently complied with the Massachusetts procedure. The trial judge stated that he must make "the initial determination." "[T]he judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. * * *" Jackson v. Denno, 378 U.S. at 379, 84 S.Ct. at 1782. Helmick v. Cupp, *supra*, in referring to Jackson v. Denno, also stated, "But the Court also indicated that the determination, both of the ultimate fact and the underlying facts, need not be express, but *might be implied from the record.*" [Emphasis added]

I think further, that Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971), when read with Judge Barnes' dissent to the per curiam below [Wilson v. Atchley (9 Cir. 1969) 412 F.2d 230], lends support to my position. The Supreme Court stated:

"In *Jackson,* the Court held that to commit the determination of the voluntariness of a confession solely to the same jury that decided guilt was inconsistent with the constitutional requirement that the procedures used to determine voluntariness be reliable. Concern for the reliability of the procedures utilized to decide the voluntariness issue was also reflected in Townsend v. Sain, 372 U.S. 293, [83 S.Ct. 745, 9 L.Ed.2d 770] where it was held that a state trial court's resolution of a disputed issue of historical fact could not be dispositive in a later federal habeas corpus proceeding unless the petitioner had had a 'full and fair hearing' on that issue in the trial court.

*But those decisions did not establish that an applicant for federal habeas corpus is entitled to a new hearing on the voluntariness issue, in either the federal or state courts, merely because he can point to shortcomings in the procedures used to decide the issue of voluntariness in the state courts.* [Emphasis added]

Here the appellant had a full hearing in the state trial court on the question of voluntariness both on the voir dire and before the jury.

II

The issue as to whether the judge had sufficiently found the confession voluntary before admitting it was never raised in the Nevada trial court, the Nevada Supreme Court, or in the district court below. Accordingly, appellant has not exhausted his remedies in the state courts.

(a) The appellant's contention in the habeas corpus proceedings in the district court were directed entirely to the question of the voluntariness of his confession, and whether there had been a sufficient compliance with the *Miranda* ruling. Nowhere does he complain about the failure of the trial court to make a prior determination of voluntariness. He concludes his petition by saying: "A confusing question is whether, under the circumstances I was incapable of any form of conversation or if anyone would agree to anything to remove his tormentors and seek release from his immediate pain."

(b) In the Nevada Supreme Court decision, Wallace v. State, 84 Nev. 603, 447 P.2d 30, page 31, the court stated:

"The basis for complaint is that *any confession secured under the circumstances here involved cannot be deemed voluntary and without coercion* since the suspect was in pain and surrounded by officers of the law. The trial court, in the absence of the jury, received evidence on that issue, and ruled that a police officer could testify to the accused's oral confession. There is substantial evidence to support that ruling." [Emphasis added]

(c) Finally, nowhere in the district court decision below, was there any discussion as to failure of the court to make an express or implied finding that the confession was voluntary before it went to the jury. The district court stated:

"The trial court conducted an extensive hearing outside the presence of the jury on the question of whether or not Petitioner voluntarily waived his right to remain silent. The trial court was satisfied and nothing in the record appears to the contrary that Petitioner's statement was a voluntary and intelligent act, executed with full knowledge of the consequences it might have." [Tr. p. 36].

Accordingly, we should affirm the district court's denial on the writ on the ground that the Nevada trial court impliedly found the confession voluntary; and on the alternate ground that state procedures were not exhausted and the question was not raised below and therefore appellant should seek his relief in the state courts.

I would affirm the district court's judgment for the reasons stated above.