LLOYD LEONARD PAULETTE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8241

January 28, 1976            545 P.2d 205

*Morgan D. Harris,* Public Defender, and *Stephen Huffaker,*
Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,*
District Attorney, and *H. Leon Simon,* Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The partially mutilated bodies of Eugene and Mary Carone
were found in a motel room in Las Vegas. Lloyd Leonard
Paulette, one of three individuals charged with the homicides,
was—by jury verdict—convicted of two (2) counts of first
degree murder.

In this appeal Paulette, who claims to be a citizen of another
country, does not challenge the sufficiency of the evidence to
sustain the verdict; however, he contends that we must reverse
because: (1) the Nevada district court lacked jurisdiction to

try a non-resident alien who commits a crime while traveling through the state; and, (2) the district court refused to exclude certain damaging admissions he had made. We reject both contentions.

1. Insofar as Paulette's first contention is concerned, NRS 171.010 provides: "Jurisdiction of offenses committed in state. *Every person,* whether an inhabitant of this state, or of a territory or district of the United States, *is liable to punishment by the laws of this state for a public offense committed by him therein,* except where it is by law cognizable exclusively in the courts of the United States." (Emphasis added.)

Paulette contends the portion of the statute which says ". . . whether an inhabitant of this state, or any other state, or of a territory or district of the United States, . . ." should be strictly construed to provide that only citizens of the United States, the territories and District of Columbia can be subject to criminal prosecution, and to exclude prosecution of foreign nationals who commit a crime while traveling through Nevada. In our view such a construction would be absurd; and, we decline to presume that the legislature intended such absurdity. Cf. Western Pac. R.R. v. State, 69 Nev. 66, 241 P.2d 846 (1952). While the aforementioned phrase does not specifically refer to inhabitants of foreign countries, we believe it to be elucidative and descriptive of the term "every person" rather than a legislative expression to exclude those classes of persons not specifically mentioned. Cf. Paulette v. Sheriff, 90 Nev. 2, 517 P.2d 786 (1974), where an analogous argument was summarily rejected.

2. Prior to his voluntary submission to a lie detector examination, Paulette made certain incriminating statements to the polygraph technician. No reference to the polygraph examination or its results was presented to the jury. However, the polygraph examiner did testify regarding some of the incriminating statements; and, it is argued that the testimony regarding those statements compels us to reverse.

The fact that the statements were obtained while preparing for a polygraph examination is a factor to be considered in determining whether Paulette's statements were made voluntarily. Cf. State v. Clifton, 531 P.2d 256 (Ore. 1974).

Here, the record reflects that Paulette had been fully advised of the rights enunciated in Miranda v. Arizona, 384 U.S. 436

(1966), and that he had executed a waiver thereof. Further, the record reflects he voluntarily submitted to the examination. The trial court, being advised of those factors and after hearing testimony on the motion to suppress, ruled Paulette's statements to be voluntary and, therefore, admissible. We find no error in that ruling. Cf. Lewis v. State, 86 Nev. 214, 467 P.2d 114 (1970); Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968).

Affirmed.