## FREDDIE GENE McROY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8841

December 30, 1976    557 P.2d 1151

[Rehearing denied January 27, 1977]

*James W. Hardesty,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy, Washoe County, for Respondent.

## O P I N I O N

*Per Curiam:*

Convicted by jury of armed robbery, Freddie Gene McRoy

contends we must reverse because the trial court erred in (1) admitting inculpatory statements; (2) failing to sever his trial from that of a codefendant; and, (3) refusing to give a requested instruction. We disagree.

1. The record negates McRoy's claim that the inculpatory statements he gave to police were coerced and taken in violation of rights afforded by Miranda v. Arizona, 384 U.S. 436 (1966). Here, the trial judge, in the absence of the jury, received evidence on the issue and found McRoy had been fully advised of his *Miranda* rights, was not uninitiated in criminal law, was not menaced or coerced, and gave statements that were indeed the product of his own free choice. The record reveals substantial proof to support these findings and, thus, they will not be disturbed. See: Paulette v. State, 92 Nev. 71, 545 P.2d 205 (1976); Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968); United States v. Reynolds, 532 F.2d 1150 (7th Cir. 1976); United States v. Cluchette, 465 F.2d 749 (9th Cir. 1972); Moser v. United States, 381 F.2d 363 (9th Cir. 1967). The voluntariness of a confession depends upon the facts that surround it, and the judge's decision regarding voluntariness is final unless such finding is plainly untenable, a situation which does not here exist. *Moser, supra; Wallace, supra.*

2. We also reject McRoy's claim that the trial court abused its discretion in denying his motion for severance and separate trial. He argues that a codefendant's confession which was introduced at trial contained inculpatory references to him and, thus, he was denied an opportunity to cross-examine a witness against him. However, the statements admitted at trial contained no direct references to McRoy and posed no substantial threat to his right of confrontation. Compare: Bruton v. United States, 391 U.S. 123 (1968), with United States v. Hicks, 524 F.2d 1001 (5th Cir. 1975), and Posey v. United States, 416 F.2d 545 (5th Cir. 1969). In light of the foregoing, we perceive no abuse in the trial court's discretion. See: NRS 173.135; 174.155; *Posey, supra.* Cf. Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976); White v. State, 83 Nev. 292, 429 P.2d 55 (1967).

3. Finally, McRoy contends the trial court erred in failing to instruct the jury that the state has the burden of proving

the firearm used in the crime was a deadly weapon. However, our legislature, in enacting NRS 193.165, has declared that **a** firearm is a deadly weapon; thus, proof of its deadly capabilities is not required.[1] Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975).

Affirmed.

---

[1]NRS 193.165 provides in pertinent part:

"1.   Any person who uses a *firearm or other deadly weapon* in the commission of a crime. . . ."