EARLY JAMES ROBERTSON, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 11142

March 24, 1981                                        625 P.2d 565

*James R. Crockett, Jr.,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant Robertson guilty of second degree murder. On appeal, he contends the district court erred (1) by denying his motion to suppress statements he made while in

custody, and (2) by giving certain jury instructions, and rejecting a proposed alternative instruction. We find no error in the district court's denial of appellant's motion to suppress. However, we reverse appellant's conviction because of prejudicial error in instructing the jury.

1. A trial court's decision on the voluntariness of an inculpatory statement is final unless such finding is plainly untenable. Sparks v. State, 96 Nev. 26, 604 P.2d 802, 804 (1980); McRoy v. State, 92 Nev. 758, 759, 557 P.2d 1151 (1976). In the instant case, the record does not impel us to conclude that the district court erred.

2. Appellant objected to Instructions Nos. 25 and 26, which read as follows:

> 25. The killing of the deceased named in the Indictment by the Defendant being proved, the burden of proving circumstances of self-defense will devolve on the Defendant, unless the proof on the part of the prosecution sufficiently manifest that the crime committed only amounts to Manslaughter, or that the accused was justified, or excused in committing the Homicide.

> 26. A defendant has met his burden of proving circumstances of mitigation or that justify the homicide if, after consideration of all the evidence, there is a reasonable doubt in your mind that the defendant is guilty.

The appellant proposed the following instruction as a substitute for instructions 25 and 26: "If, after consideration of all of the evidence, you have a reasonable doubt as to whether or not the defendant acted in self-defense, you must return a verdict of acquittal."

The trial court's instruction 25 is obviously patterned after the language found in NRS 200.170.[1] This court and the courts of California, a state with a similar statutory provision, have repeatedly said that such language should never be used as a jury instruction in a murder case. Kelso v. State, 95 Nev. 37, 43, 588 P.2d 1035 (1979); Phillips v. State, 86 Nev. 720, 475

---

[1] NRS 200.170 reads as follows:

*"Burden of proof when killing proved.* The killing of the deceased named in the indictment or information by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified, or excused in committing the homicide."

P.2d 671 (1970); White v. State, 82 Nev. 304, 417 P.2d 592 (1966); People v. Deloney, 264 P.2d 532 (Cal. 1953); People v. Letourneau, 211 P.2d 865 (Cal. 1949). Its use may cause the jury to conclude that the prosecution does not have the burden of persuasion throughout the trial to prove every element of the crime beyond a reasonable doubt—*i.e.,* to believe incorrectly that, on the issue of self-defense, the burden of persuasion shifts to the defendant. *See Deloney,* cited above, at 538.

We must therefore decide whether, upon a consideration of the entire case, Instruction No. 25 resulted in prejudice to appellant's substantial rights. State v. Fitch, 65 Nev. 668, 200 P.2d 991 (1948). Here the trial court, by the giving of Instruction No. 26, did attempt to explain away the ambiguity in Instruction No. 25 concerning the burden of persuasion in criminal actions. However, Instruction No. 26 is itself ambiguous, and it is quite possible that a typical juror would not understand it as reaffirming the court's other instructions on reasonable doubt.

Furthermore, unlike in *Kelso,* cited above, here the appellant's claim of self-defense did not lack all plausibility. That claim was neither in conflict with the physical evidence, nor with statements of any witnesses concerning the homicide. The only statements proffered concerning the homicide were those of appellant to police upon his arrest, and those of appellant at the trial itself. Therefore, because the jury could reasonably have believed appellant's claim of self-defense, the giving of Instruction No. 25 may not be deemed harmless.

Accordingly, we reverse the appellant's conviction and remand this matter for a new trial.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and FORMAN, D. J.,[2] concur.

---

[2] The Governor designated The Honorable William Forman, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.