**Bernard Anthony YBARRA, Petitioner,**

v.

**Charles L. WOLFF, Jr., Director of the Department of Prisons, and the Attorney General of the State of Nevada, Respondents.**

**No. CV–R–78–126–ECR.**

United States District Court,
D. Nevada.

July 30, 1985.

Bernard Anthony Ybarra, in pro. per.

Mills B. Lane, Washoe County Dist. Atty. by Jerry Mowbray, Deputy Dist. Atty., Reno, Nev., for respondents.

## MEMORANDUM DECISION

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was sentenced to a life term with possibility of parole after conviction by a Nevada district court jury of first-degree murder. The conviction was on April 15, 1975. He was released on parole in 1984, so that his petition now is aimed at release from the restraints of the conditions of his parole.

Two days of evidentiary hearings had been conducted and extensive memoranda of points and authorities had been filed when this Court took judicial notice that the Nevada Supreme Court had remanded Petitioner's case to a State district court for reconsideration of his motion for a new trial based on newly discovered evidence. By Order filed June 14, 1982, this Court stayed the habeas corpus proceedings until final resolution by the State court of the motion for a new trial. That motion was denied on January 3, 1985. The Nevada court found that the assertedly new evidence could have been discovered in time for the trial in 1975, had reasonable diligence been exercised. Also, the new evidence was found to be cumulative to that introduced at the trial. Finally, the State court held that it could not consider the invalidity of the self-defense instruction given to the trial jury, because no objection had been made at the time. Review on the merits was held to be precluded by the contemporaneous objection rule.

Upon Petitioner's motion, this Court's stay order is now lifted and his petition for a writ of habeas corpus shall be decided herein on the merits. Because the self-de-

fense instruction is dispositive, only it will be discussed. It was given to the jury, without objection, as Instruction No. 28. The wording was as follows:

The burden of proving circumstances which might justify or excuse the killing of another is upon the defendant, but the defendant need not prove such circumstances beyond a reasonable doubt.

This particular instruction was considered by Nevada courts to be proper at the time of petitioner's trial in 1975. *St. Pierre v. State*, 92 Nev. 546, 554 P.2d 1126, 1126 (1976), overruled in *Kelso v. State*, 95 Nev. 37, 588 P.2d 1035, 1040 (1979); *St. Pierre v. State*, 96 Nev. 887, 620 P.2d 1240, 1242 (1980). It was three years and nine months later that the Nevada Supreme Court, in *Kelso*, declared it to be improper.

Murder, under Nevada law, was defined in 1975 as "the *unlawful* killing of a human being, with *malice* aforethought...." NRS 200.010 (emphasis added). A killing done in self-defense, although deliberate, is neither unlawful nor activated by malice. *Kelso*, at 588 P.2d 1039. Thus, self-defense negates essential elements of the crime of murder. In such case, the burden of proving self-defense may not be shifted to the defendant, "since doing so dilutes the State's own due process burden of proving, beyond a reasonable doubt, every element of the crime charged." *Id.* at 1038. Accord, *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 2904, 82 L.Ed.2d 1 (1984). *Reed* emphasizes that the Due Process Clause protects an accused against conviction except after the prosecution has proved beyond a reasonable doubt every fact (element) necessary to constitute the offense charged. *Id.* This rule of law has retroactive application. *Id.; Hankerson v. North Carolina*, 432 U.S. 233, 243–44, 97 S.Ct. 2339, 2345–46, 53 L.Ed.2d 306 (1977). Thus, it applies to Petitioner's 1975 conviction.

Petitioner, understandably, did not object to the giving of Instruction No. 28 for, at the time, it was considered proper. Former NRS 175.515 specified that all jury instructions were deemed excepted to, so that

they could serve as bases for appeal even though not objected to at the time of trial. However, that statute was repealed in 1967. 1967 Statutes of Nevada 1472. The contemporaneous objection rule appears to have been recognized ever since, as indicated by the Nevada district court which denied Petitioner's motion for a new trial.

When a procedural default, e.g., failure to make a contemporaneous objection, bars pursuit of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief without showing cause for and actual prejudice from the default. *Engle v. Isaac*, 456 U.S. 107, 110, 129, 102 S.Ct. 1558, 1562, 1572, 71 L.Ed.2d 783 (1982); *Reed v. Ross, supra* 104 S.Ct. at 2908. Where the state of the law at the time of trial and appeal was such that there was no reasonable basis to challenge a jury instruction, "cause for" the failure to object is established. *Id.* at 2911. A defendant should not be penalized for his attorney's failure to demand a jury instruction that would have been inconsistent with the law as it then existed. *St. Pierre v. State*, 96 Nev. 887, 620 P.2d 1240, 1243 (1980); *see also Myers v. State of Wash.*, 702 F.2d 766, 768 n. 5 (9th Cir.1983). Likewise, the trial court's imposition on a defendant of the burden of proving self-defense constitutes the "actual prejudice" that will overcome the contemporaneous objection rule. *Reed v. Ross, supra* 104 S.Ct. at 2908. This is particularly true where, as here, evidence was introduced at trial to indicate that the defendant might have acted reflexively in self-defense. *Id.* at 2906. Petitioner herein has standing to pursue this federal habeas corpus litigation despite his failure to object to Instruction No. 28 at the time of trial.

The standard for determining whether an instructional error was harmless, i.e., whether the verdict came after a fair trial, is not completely settled in the Ninth Circuit. *United States v. Cusino*, 694 F.2d 185, 187 (9th Cir.1982); *United States v. Valle-Valdez*, 554 F.2d 911, 914–15 (9th Cir. 1977). Reversals have been ordered unless: (1) it is more probable than not that the error did not materially affect the verdict, or (2) it is highly probable that the error did not materially affect the verdict, or (3) the error was harmless beyond a reasonable doubt. The United States Supreme Court, in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967) held "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." The case involved the prosecutor's comments on the defendants' failure to testify and a jury instruction that allowed the jury to draw adverse inferences from that failure. *Valle-Valdez*, at 554 F.2d 915, interpreted *Chapman* to say that reversal is not required unless there is a reasonable possibility that the error materially affected the verdict. The *Valle-Valdez* opinion, at 916, then suggests that the "more probable than not" standard might be more appropriate. An erroneous instruction pertaining to the defendant's conscious purpose to avoid learning the truth about the presence of contraband was there involved. The appellate court concluded that it was probable that the erroneous instruction materially affected the jury's deliberations and verdict, so that a new trial was called for no matter whether the "more probable than not" or the "reasonable possibility" standard was applied. *Id.* at 917. Later Ninth Circuit opinions seem to favor the "reasonable possibility that the error materially affected the verdict" test. *United States v. Herbert*, 698 F.2d 981, 986 (9th Cir.1983); *United States v. Reed*, 726 F.2d 570, 575 (9th Cir.1984); *People of Territory of Guam v. Garrido*, 752 F.2d 1378, 1380 (9th Cir.1985).

Nevada Supreme Court opinions are instructive where the erroneous jury instruction shifted to the defendant the burden of proof as to self-defense, as was the case of Petitioner herein. A new trial was ordered in *Robertson v. State*, 97 Nev. 138, 625 P.2d 565, 566 (1981), where "the appellant's claim of self-defense did not lack all plausibility." The conviction was reversed in *St. Pierre v. State*, 96 Nev. 887, 620 P.2d 1240, 1244 (1980) where: "The state and the de-

fense each presented a reasonable interpretation of the occurrence for jury consideration." In contrast, the erroneous instruction was held not to mandate reversal in *Kelso v. State*, 95 Nev. 37, 588 P.2d 1035, 1040 (1979), where the jury could not reasonably have believed the appellant's claim of self-defense because the evidence was "consistent only with a vengeful rampage."

Petitioner's version of the facts, as they related to his claim of self-defense, was focused on his attempt to eject the deceased, Robert Luevano, from Petitioner's mobile home. The two of them had gone there, in the company of a Mr. Phenegar, after a night of drinking. Once in the mobile home, Petitioner obtained a gun. He showed it to Phenegar, expressed outrage over Luevano's homosexual advances, and asked if Phenegar had observed those advances. After being told that Phenegar had, Petitioner approached Luevano and ordered him out of the mobile home. Petitioner said that he displayed the gun because he felt that Luevano would leave at the sight of the weapon. Instead, Luevano swore at Petitioner and approached him in a threatening manner. When ordered by Petitioner once again to leave, Luevano lunged at Petitioner. The latter took one step backward and fired three times. Both testimony (Petitioner's and other witnesses') and physical evidence supplied some support to this version.

 Where the trial evidence supports a construction of events that supports a guilty verdict, but does not compel such a construction, an erroneous jury instruction is less likely to be deemed harmless error. *United States v. Beckett*, 724 F.2d 855, 856 (9th Cir.1984). Where the evidence supports either construction, the shifting of the burden of proving self-defense may be all that is needed for a jury to convict a defendant of first-degree murder. *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984).

Since Petitioner's claim of self-defense is not completely inconsistent with the evidence adduced at his trial, and could reasonably have been believed by a properly instructed jury, his conviction was in violation of due process. The central question before this Court isn't whether substantial evidence of his guilt can be found in the record but, rather, whether his guilt was found by a jury according to the procedure and standards appropriate for a criminal trial in a capital case. *See Bollenbach v. United States*, 326 U.S. 607, 614, 66 S.Ct. 402, 406, 90 L.Ed. 350 (1946); *Connecticut v. Johnson*, 460 U.S. 73, 83, 103 S.Ct. 969, 976, 74 L.Ed.2d 823 (1983). Petitioner's conviction was invalid by reason of erroneous Instruction No. 28.

An order shall be entered in accordance with the foregoing.