BOBBY LEE WOODS, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 10125

January 12, 1979                    588 P.2d 1030

30

*Alan R. Johns,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant on two counts of robbery with a deadly weapon (NRS 200.380; NRS 193.165); two counts of first degree kidnapping with a deadly weapon (NRS 200.310(1); NRS 193.165); and one count of possession of stolen property

(NRS 205.275). He was sentenced to prison to serve four terms of 15 years each for robbery with the use of a deadly weapon; four terms of life with the possibility of parole for kidnapping with the use of a deadly weapon; and 10 years for the possession of stolen property. All sentences to run concurrently.[1]

Appellant contends that it was error to (1) convict him of both robbery and first degree kidnapping, (2) enhance the penalties on each robbery and kidnapping count, and (3) deny him the right to a speedy trial. We find no error.

On the night of February 26, 1976, the victims parked their vehicle in a deserted area near Lake Mead and went to sleep.[2] The next morning the appellant and his companion confronted the victims, held them at gun point, and demanded the van. The victims were forcibly removed from the van and locked in the trunk of the car[3] in which appellant and companion had arrived. During the course of the robbery, one of the victims was removed from the trunk, again at gun point, and forced to start the van, then again locked in the trunk. Appellant and crime partner then departed, driving the van containing the personal possessions of the victims. After being confined in the trunk for some two and one-half hours, the victims managed to break the lock and free themselves.

1. Appellant argues that he cannot be convicted of first degree kidnapping because NRS 200.310(1) applies only when property is removed from the victim's person.[4] We disagree with the appellant's narrow interpretation of this statute. The removing of the victims from the van and locking them in the trunk of another vehicle facilitated the robbery. Such conduct falls within the purview of the statute.

In Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978), we concluded that the Legislature intended a conviction of both kidnapping and robbery only when the movement of the victim

---

[1]These sentences to run consecutive to sentences imposed for an earlier conviction. *See* Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978).

[2]The vehicle was a van which had been borrowed by one of the victims from his brother.

[3]On the morning of February 27, 1976, this automobile had been reported stolen.

[4]NRS 200.310(1) provides in pertinent part:

"Every person who shall wilfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away any individual human being by any means whatsoever . . . for the purpose of committing extortion or robbery upon or from such individual, . . . shall be deemed guilty of kidnapping in the first degree."

substantially increases the risk of harm beyond that necessarily present in the crime of robbery itself. Locking the victims in the trunk of a car in a remote area substantially increased their risk of harm. Such movement was not merely incidental to the robbery because it was not necessary in its consumation. Appellant's conviction for both first degree kidnapping and robbery is affirmed.

2. Since the appellant used a gun in the commission of these crimes, he was sentenced, pursuant to NRS 193.165,[5] to serve a term equal to and in addition to the term of imprisonment prescribed for the crime of robbery and first degree kidnapping. He asserts that he should have been subject to only one enhanced penalty, rather than four, because the appellant's use of the gun constituted a single, indivisible act. Upon the facts of this case, it must be determined whether each crime requires proof of an additional fact which the other does not. Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978); Franko v. State, 94 Nev. 651, 584 P.2d 678 (1978).

Locking of the victims in the trunk went beyond the means necessary to effectuate the robbery. This action constitutes the additional fact necessary to qualify under the test enunciated in Woods, *supra*. Two separate crimes were committed upon each of the victims. The district court did not err in enhancing the appellant's sentence for each of the robbery and kidnapping counts.

Appellant next claims that the enhanced sentences were unconstitutionally applied because the prosecution failed to prove that the "deadly weapon" used by the appellant was indeed capable of causing death. This contention has been previously considered and rejected in Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975), and in Woods v. State, *supra*. Appellant also claims that NRS 193.165 is unconstitutionally vague. This

---

[5]NRS 193.165 provides that:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

"2. This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

"3. The provisions of this section do not apply where the use of a firearm or other deadly weapon is a necessary element of such crime."

contention has been considered and rejected in Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975).

3. Earlier in these proceedings appellant filed a pretrial petition for a writ of habeas corpus. The petition was denied by the district court. Although appellant timely filed a notice of appeal, the clerk of the district court delayed docketing the record on appeal for approximately 95 days.[6] Appellant contends that this delay constitutes a denial of his right to a speedy trial. Shortly before trial, and some seven months after the delay, appellant moved to dismiss for lack of a speedy trial. On the basis of Sheriff v. McKinney, 93 Nev. 313, 565 P.2d 649 (1977), we affirm the district court's denial of that motion.[7]

4. Other assigned errors have been considered and are rejected as meritless.

Affirmed.

---

[6](1) In an unpublished order, filed November 10, 1976, we dismissed the appeal because appellant's habeas petition was not verified as required by NRS 34.370(3).

(2) Appellant again petitioned the district court for a pretrial writ of habeas corpus following the dismissal of the unverified petition by this Court. The district court denied the petition. Appellant appealed. In an unpublished order dated January 12, 1977, this Court dismissed the appeal because, even if a second habeas petition had been permissible, it was without merit.

[7](1) For various reasons, the appellant was the cause of numerous continuances of this case, both before and after the clerk's delay. It has long been the rule in Nevada that when the defendant is responsible for the delay in trial he may not complain. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Woods v. State, *supra*.

(2) Appellant has not demonstrated how his defense has been prejudiced, if at all, by the delay.