ROY DEAN WARD, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10815

June 14, 1979                           596 P.2d 219

*Robert W. Lueck,* of Las Vegas, for Appellant.

*Robert J. Miller,* District Attorney, and *James N. Tufteland,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Roy Dean Ward, who stands convicted of robbery and of the use of a deadly weapon in the commission of that crime, asks that we annul those convictions, claiming that they were procured through perjured testimony, and that the jury was improperly instructed. For reasons hereafter stated, we perceive no error and affirm the convictions.

1. The perjury claim rests upon discrepancies in the testimony of two prosecution witnesses. More particularly, it is asserted that those witnesses committed perjury because of differences between their testimony at preliminary hearing and their testimony at trial. Of course, the discrepancies in their testimony were relevant to the credibility of those witnesses, a matter for jury determination. Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955). The jury apparently considered the inconsistencies to be insignificant. On appeal, we will not invalidate a verdict because of such inconsistencies since the jury has already resolved them as the fact finder. Watkins v. State, 93 Nev. 100, 560 P.2d 921 (1977); Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969).

2. The court instructed the jury that proof of the deadly capabilities of a firearm is not required. Ward claims that the instruction was error mandating reversal. Heretofore, we have ruled otherwise. Woods v. State, 95 Nev. 29, 588 P.2d 1030 (1979); Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975).

After the jury had deliberated for about 24 hours, the court gave an "Allen charge." The instruction was not coercive. Cf. Ransey v. State, 95 Nev. 364, 594 P.2d 1157 (1979); Redeford v. State, 93 Nev. 649, 572 P.2d 219 (1977). It advised the jurors not to surrender conscientiously held opinions and was identical in wording to the instruction we upheld in Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976).

However, appellant maintains that the instruction, given by the trial judge without a request from either party or an indication that the jury was deadlocked, was improvidently given thereby requiring reversal. After the instruction had been given the jury returned for a readback of testimony and deliberated for approximately five and one-half hours longer. Under these circumstances we perceive no error. See United States v. DeStefano, 476 F.2d 324 (7th Cir. 1973); United States v. Martinez, 446 F.2d 118 (2nd Cir. 1971).

Counsel for Ward offered several instructions which the court refused to give. In most instances, the subject matter was covered by other instructions given by the court, and court refusal was proper. Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979); Beets v. State, 94 Nev. 89, 575 P.2d 591 (1978). As to the others, none was necessary.

3. Other assigned errors have been considered and are found to be without merit.

Affirmed.