MATTHEW HOOPER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10709

December 20, 1979                                      604 P.2d 115

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

---

[2]The Honorable E. M. Gunderson, J., having voluntarily disqualified himself from participating in the decision of this appeal, the Chief Justice designated The Honorable David Zenoff, Senior Justice (Retired), to sit in his stead. Nev. Const. are. 6 § 19; SCR 243.

## OPINION

*Per Curiam:*

Appellant was convicted of burglary, and sentenced to a term in the state prison. We find no error in the record. Therefore, the conviction is affirmed.

Evidence at trial established that in the early morning hours of June 27, 1977, Walter Garner broke into a building located in a salvage yard in North Las Vegas. Mr. Garner removed items from the building, and passed them to appellant over a perimeter fence. As items were passed over the fence, appellant placed them in his car, which was parked about sixty feet away.

Appellant testified that he believed Mr. Garner worked at the salvage yard, and that the property actually belonged to Mr. Garner. This belief was based on statements made by Mr. Garner to appellant before and during the incident. Mr Garner did not testify at appellant's trial.

Appellant's first contention is that during closing argument, the prosecutor argued facts not in evidence which prejudicially affected appellant. We need not consider if the argument was improper or prejudicial, because defense counsel did not move to strike the prosecutor's comments, did not move for a mistrial, and did not request to have the jury instructed regarding the argument. Under such circumstances, appellate consideration is precluded. Halbower v. State, 93 Nev. 212, 562 P.2d 485 (1977); Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973); State v. Hunter, 48 Nev. 358, 232 P. 778 (1925).

Appellant next contends that the district court committed error in admitting certain photographs into evidence. Defense

counsel's objection, if any, was made prior to calling the roll of the jury. The objection was not reported, is not part of the trial transcript, and no settled statement of the proceeding was prepared. NRAP 10(c). The only reference to the objection is contained in an affidavit filed by defense counsel for purposes of the appeal. Matters outside the record on appeal may not be considered by an appellate court. McInnis v. McInnis, 94 Nev. 532, 582 P.2d 802 (1978); Lee v. Sheriff, 85 Nev. 379, 455 P.2d 623 (1969).

Appellant also contends that his requested jury instruction "D," dealing with mistake of fact, was improperly refused by the district court.[1] Respondent does not claim that the instruction was an incorrect statement of law. Rather, respondent claims that the instruction was properly refused because the subject matter was adequately covered by other instructions.

A defendant in a criminal case is entitled to have the jury instructed on his theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may appear to be. Adler v. State, 95 Nev. 339, 594 P.2d 725 (1979); Froggatt v. State, 86 Nev. 267, 467 P.2d 1011 (1970); Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965). On the other hand, it is not error to refuse to give an instruction when the law emcompassed therein is substantially covered by other instructions given to the jury. Ward v. State, 95 Nev. 431, 596 P.2d 219 (1979); Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979); Beets v. State, 94 Nev. 89, 575 P.2d 591 (1978).

Instruction "D," by its very language, dealt with the element of intent. See NRS 194.010(5). The jury was adequately instructed on the law of intent as it applied to appellant.[2]

---

[1] Instruction "D" read as follows:

However, you are further instructed, that an act committed under an ignorance or mistake of fact which disproves any criminal intent is not a crime.

Where a person in good faith believes in the existence of certain facts, and acts with reference to such believed facts in a manner which would be lawful if the facts were really as he believes them to be, he is not guilty of crime, although his act is such that if committed or made by one who knew the true facts it would constitute a criminal offense.

[2] The following instruction, among others, was given on the issue of intent:

You are instructed that to aid and abet in the commission of a crime it is necessary to show that a crime has been committed and that defendant aided and assisted and *knowingly, voluntarily, and with common intent with the alleged other offender, united in the commission of the crime.* (Emphasis added).

Therefore, the district court did not commit error by refusing instruction "D."

Finally, appellant contends that the district court committed error by failing to give requested instruction "H," which states that where two reasonable theories are supported by the evidence, one supporting guilt and the other supporting innocence, the jury must adopt the theory consistent with innocence of the defendant.[3] It is not error to refuse such an instruction where the jury is properly instructed on the subject of reasonable doubt. Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); Hall v. State, 89 Nev. 366, 513 P.2d 1244 (1973). *See* Dutton v. State, 94 Nev. 461, 581 P.2d 856 (1978). Our review of the record discloses that the instructions actually given on the subject of reasonable doubt were proper and adequate. Therefore, the district court did not commit error by refusing to give appellant's instruction "H."

The judgment of conviction is affirmed.

---

[3]Instruction "H" reads as follows:

If, upon a fair and impartial consideration of all of the evidence in the case, the Jury finds that there are two reasonable theories supported by the testimony in the case and that one of such theories is consistent with the theory that the defendant is innocent of charges contained in the Indictment and that the other is consistent with the guilt of the defendant then it is the law and the law makes it the duty of the Jury to adopt that theory which is consistent with the innocence of the defendant and find the defendant not guilty.