MICHAEL LEE SPARKS, Also Known as EDDIE LEE
BROWN, Appellant, v. THE STATE OF NEVADA,
Respondent.

No. 10173

January 3, 1980                                    604 P.2d 802

*Morgan D. Harris,* Public Defender, and *Kirk Lenhard,*
Deputy Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; and *Robert
Miller,* District Attorney, and *L. J. O'Neale,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted Michael Lee Sparks, also known as Eddie Lee Brown, on two counts of robbery with a deadly weapon (NRS 200.380; NRS 193.165), two counts of first-degree kidnapping with a deadly weapon (NRS 200.310(1); NRS 193.165), and one count of possessing stolen property (NRS 205.275).

On February 27, 1976, the two victims were asleep in a van parked in Lake Mead Recreational Area. Appellant and his brother Jerard Sparks, also known as Bobbie Lee Woods, awakened the victims at approximately 8:30 a.m. and asked for directions. Appellant and his brother then entered the van. The brother had a sawed-off shotgun. Pointing a gun toward

the victims, appellant told them it was a "holdup." The victims were then forced to enter the trunk of the Chevrolet automobile in which appellant and his brother had arrived. Later, the male victim was removed from the trunk, forced to start the van's engine, and then forced back into the trunk. The perpetrators drove away, taking the victims' personal property and money. After a two-hour struggle, the victims forced their way out of the trunk, and notified the authorities. Although appellant claimed the victims had mistakenly identified him, he and his brother were driving to Illinois with the van and the victims' other property, when apprehended. Appellant testified he first saw the van in Las Vegas, Nevada, after it had been stolen.

1. Appellant first contends that continuing a hearing on his motion to suppress certain statements was unfair, because two days earlier, the court had refused to grant appellant's motion to continue the trial. Appellant makes no claim of prejudice. He merely argues that, because the trial court denied his motion, the court should have heard his subsequent motion to suppress, even though the State's witness was absent. Appellant's motion to suppress statements made to an F.B.I. agent, living in another state, had been filed May 12, and set for hearing May 13. The agent's handwritten report made no mention of any promise of leniency, the issue to be decided. Although the State filed no motion for continuance under D.C.R. Rule 21, the trial court continued appellant's motion, *sua sponte,* to the time of trial so the agent might testify.

Continuances are granted or denied at the discretion of the trial court. Johnson v. State, 90 Nev. 352, 526 P.2d 696 (1974). Failure to file a motion and supporting affidavits has often been a basis for affirming a denial of a motion to continue; however, it will rarely be the basis for finding an abuse of discretion where the trial court has determined good cause exists for granting a continuance. The contention of error is without merit.

2. Appellant's related contention, that his statement should have been suppressed, also lacks merit. After an evidentiary hearing, the trial court concluded that no promises had been made, and that appellant's statement was voluntary. Once found voluntary, an accused's statements are not deemed involuntary merely because interrogating officers do not inform him of all possible charges which could be brought

against him. *See* People v. Lara, 432 P.2d 202, 210 (Cal. 1967). We think it is sufficient if the accused knows the general nature of pending charges at the time of his interrogation. People v. Weaver, 500 P.2d 980 (Colo. 1972). A trial court's decision on the voluntariness of an inculpatory statement is final unless such finding is plainly untenable. McRoy v. State, 92 Nev. 758, 557 P.2d 1151 (1976). Moreover, the court instructed the jurors to disregard appellant's statements if they believed them involuntary.

3. Appellant contends the district court erred in denying a motion requesting a pretrial lineup, which is not included in the record on appeal. We will not consider matters outside the record, and here assume the trial court correctly ruled. Facts stated in counsel's brief will not supply a deficiency in the record. A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969).

4. Appellant contends the trial court erred in refusing proposed instructions on identity. We believe, however, that proposed instructions A, B and C were covered adequately by other instructions. Geary v. State, 91 Nev. 784, 793, 544 P.2d 417, 423 (1975).[1]

5. Appellant contends the trial court erred in denying two mistrial motions. The first concerned the victims holding hands and talking in the court corridor. Appellant complains because the trial court would not allow interrogation of all jurors to determine what effect the victims' behavior had on them. The court interrogated the victims, who had not talked with jurors, nor discussed the case with each other. Under these circumstances, we do not consider refusal to interrogate the jurors to be error. *See* Reese v. State, 95 Nev. 419, 596 P.2d 212 (1979). Appellant also moved for a mistrial after the prosecutor commented on a withdrawn exhibit; however, we think the prosecutor's remark was innocuous.[2]

---

[1] We note that some jurisdictions require specific instructions on eye-witness identification. *See* United States v. Telfaire, 469 F.2d 552, 558 (D.C.Cir. 1972); United States v. Holley, 502 F.2d 273, 277 (4th Cir. 1974); United States v. Hodges, 515 F.2d 650 (7 Cir. 1975). Others do not. *See* United States v. Sambrano, 505 F.2d 284 (9 Cir. 1974); State v. Oldham, 438 P.2d 275, 285 (Ida. 1968). *Cf.* United States v. Roundtree, 527 F.2d 16 (8 Cir. 1975).

[2] The prosecutor remarked: "Your honor, in view of the conference we had at the bench and the court's prior ruling on certain subject matter, I have no objection." The jury was instructed not to act upon statements and opinions of counsel and informed the court would decide questions of law.

Denial of a motion for mistrial is within the trial court's sound discretion. Its determination will not be disturbed on appeal, in the absence of a clear showing of abuse. Abram v. State, 95 Nev. 352, 594 P.2d 1143 (1979).

6.    The final contention of error involves application to this case of principles set forth in Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). Appellant contends that movement of the victims was slight, and that detention of the victims in the trunk merely facilitated the crime of robbery. We disagree. We said in Woods v. State, 95 Nev. 29, 31, 588 P.2d 1030, 1032 (1979):

> In Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978), we concluded that the Legislature intended a conviction of both kidnapping and robbery only when the movement of the victim substantially increases the risk of harm beyond that necessarily present in the crime of robbery itself. Locking the victims in the trunk of a car in a remote area substantially increased their risk of harm. Such movement was not merely incidental to the robbery because it was not necessary in its consumation [sic]. Appellant's conviction for both first degree kidnapping and robbery is affirmed.

Cases decided since *Woods* suggest no different result in this case.

The convictions are in all respects affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and, BATJER, JJ., concur.