ALBERT NATHANIEL LEE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 21387

July 12, 1991                                   813 P.2d 1010

*Morgan D. Harris,* Public Defender and *Terrence M. Jackson,*
Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex
Bell,* District Attorney and *John Lukens,* Deputy District Attor-
ney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction of two counts
of sexual assault resulting in substantial bodily harm with use of a
deadly weapon, and one count each of burglary, attempted mur-
der with use of a deadly weapon, and robbery with use of a
deadly weapon. Appellant was sentenced to four consecutive

terms of life without the possibility of parole plus consecutive terms adding up to eighty years in the Nevada State Prison.

The evidence at trial established that appellant broke into the victim's apartment and, after asking for money and cigarettes, choked the victim until she was unconscious. Appellant sexually assaulted the victim once while she was unconscious and again after she regained consciousness. When the victim started to move, appellant found a knife and cut her throat and wrist, inflicting life-threatening wounds.

Appellant contends that by punishing both for attempted murder and for sexual assault with substantial bodily harm, the state has violated the double jeopardy clause of the United States Constitution. U.S. Const. Amend. V. This contention is without merit.

The starting point for a double jeopardy analysis is Blockburger v. United States, 284 U.S. 299 (1932). The *Blockburger* test asks "whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304. In the instant case, it is plain that for the crimes of sexual assault with substantial bodily harm and attempted murder, each crime requires proof of facts not necessary for proving the other crime. Specifically, we note that a conviction for attempted murder requires proof of a specific intent to kill, which is not required for a conviction for sexual assault with substantial bodily harm. Likewise, a conviction for sexual assault with substantial bodily harm requires proof that substantial bodily harm occurred, a fact not required for a conviction for attempted murder.

Accordingly, under the facts of this case, appellant committed two separate crimes. Appellant went far beyond merely causing substantial bodily harm; his actions clearly indicated his specific intent to kill his victim. As it happened, appellant's attempt to kill his victim was close enough in time to the sexual assaults to also constitute a part of those assaults. An attempt to kill need not involve substantial bodily harm, but this one did. That substantial bodily harm, which is not an element of attempted murder, was an appropriate basis for appellant's conviction for sexual assault resulting in substantial bodily harm. Accordingly, appellant was properly convicted of and punished for both crimes.

Appellant also contends that the reasonable doubt instruction used in his case is unconstitutional. *See* Cage v. Louisiana, ...... U.S. ......, 111 S.Ct. 328 (1990). This court, however, has recently held that the reasonable doubt instruction used in Nevada is distinguishable from the one condemned in *Cage.* Lord v. State, 107 Nev. 28, 806 P.2d 548 (1991).

Appellant also contends that the district court erred in refusing to give proffered instructions on eyewitness identification. This contention is also without merit. Eyewitness identification instructions are not required in Nevada. *See* Sparks v. State, 96 Nev. 26, 29, 604 P.2d 802, 804 (1980). Although such instructions might be called for in a case where the eyewitness identification was questionable, the strength of the eyewitness identification in this case was overwhelming. The district court did not abuse its discretion in refusing to give special instructions on eyewitness identification.

Appellant further contends that the district court abused its discretion in denying his motions for a mistrial. We have reviewed the motions for a mistrial, and we conclude that the district court did not abuse its discretion in denying those motions.

Appellant's contentions lacking merit, we affirm his judgment of conviction.

Rose, J., concurring in part, dissenting in part, with whom SPRINGER, J., agrees:

I have little desire to assist Albert Nathaniel Lee (Lee) in any way because of the vicious, heinous crime he has committed. I concur with Lee's convictions for attempted murder with use of a deadly weapon, robbery with use of a deadly weapon and burglary. However, I believe that the facts of this case and the United States Constitutional provision against double jeopardy require that the two convictions for sexual assault resulting in substantial bodily harm with use of a deadly weapon be modified by reducing them to sexual assault. This modification would provide little relief to Lee because he would still remain sentenced to two consecutive life imprisonment terms plus eighty additional years.

The operative facts are that Lee sexually assaulted the victim twice in her home, but did not inflict substantial bodily harm at that time or commit this rape with a deadly weapon. As the victim lay tied on the floor after the assault, Lee walked through the house. Apparently thinking that the victim may testify against him, he then took a kitchen knife and slit her throat.

From the above recited facts, I cannot see how there is sufficient evidence to title Lee's crimes as two sexual assaults resulting in substantial bodily harm with use of a deadly weapon. When a deadly weapon is used subsequent to the crime, the use of that weapon and the harm that results are not part of the original crime, but may form the elements of a subsequent crime. In this case, Lee was convicted of attempted murder for his use of a knife on the victim and the resulting harm. I believe that in this

case, charging Lee with both attempted murder and sexual assault resulting in substantial bodily harm with a deadly weapon violates the double jeopardy clause of the United States Constitution as interpreted by the United States Supreme Court. *See* Blockburger v. United States, 284 U.S. 299 (1932); Whalen v. United States, 445 U.S. 684 (1979).

In *Blockburger,* the Court developed an "elements" test to determine when prosecution of multiple counts constitutes double jeopardy. The Court stated that double jeopardy does not attach when each crime charged requires proof of a fact which the other does not. *Blockburger,* 284 U.S. at 304. In *Whalen,* the Court further defined the *Blockburger* test and stated that the query should ask whether proof of one crime will necessarily prove all the elements of the other crime. *Whalen,* 445 U.S. at 693-694. The *Whalen* court noted that crimes with different elements may overlap completely in a particular case. In this case, the crime of sexual assault with use of a deadly weapon resulting in substantial bodily harm subsumed all of the elements of attempted murder with use of a deadly weapon. Therefore, *Blockburger* and *Whalen* preclude charging the defendant with both crimes.

In addition, the evidence shows that the defendant had concluded his sexual assault on the victim before he decided to kill her. Therefore, the deadly weapon and the resulting bodily harm were not part of the sexual assault. Under these circumstances, the State should have charged Lee with two counts of sexual assault and one count of attempted murder with use of a deadly weapon. The convictions of sexual assault resulting in substantial bodily harm should be reduced to sexual assault with the maximum penalty for these crimes sustained. All other convictions should be affirmed.