An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RANDOLPH EUGENE KASSOW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66510

**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant first argues that the district court abused its discretion by denying his challenge for cause against a prospective juror. Appellant alleges that the prospective juror was biased against him based on the nature of the charges, in particular the sexual molestation charges, of which he was ultimately found not guilty. Although the prospective juror expressed distaste for the subject matter of the charges, he indicated that he could listen to the evidence and hold the prosecution to its burden of proof. *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) ("The test for evaluating whether a juror should have been removed for cause is whether a prospective juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." (internal quotation marks omitted)). We therefore conclude that appellant has not demonstrated that the district court abused its discretion in this regard. *See Blake v. State*, 121 Nev. 779, 795, 121 P.3d 567, 578 (2005) (reviewing district court's denial of a challenge for cause

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-34606

for an abuse of discretion). Moreover, even assuming error occurred, appellant cannot demonstrate prejudice, as he exercised a peremptory strike against the prospective juror and has not shown that any seated juror was biased. *Id.* at 796, 121 P.3d at 578 ("If the jury actually seated is impartial, the fact that a defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his right to an impartial jury.").

Appellant next contends that the district court abused its discretion by rejecting his *Batson*[1] challenge to the prosecutor's peremptory strike of an African-American juror on the ground that he failed to make a prima facie showing of discriminatory intent. Determining whether the prosecutor's peremptory challenge against a juror was discriminatory involves a three-step analysis—the first step being that appellant must make a prima facie showing of discriminatory intent. *See Diomampo v. State*, 124 Nev. 414, 185 P.3d 1031 (2008) (identifying the three steps of a *Batson* analysis). A prima facie showing requires the proponent of the challenge to demonstrate "that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93-94; *see Watson v. State*, 130 Nev., Adv. Op 76, 335 P.3d 157, 166 (2014). Here, appellant argued that the prosecutor violated *Batson* because there was "no valid reason other than the fact that [the challenged prospective juror] was African-American." Because appellant proffered no facts giving rise to an inference of discriminatory purpose, the district court did not abuse its discretion by denying his *Batson* challenge. *See Watson v. State*, Nev., Adv. Op. 76, 335 P.3d 157, 166 (2014)

---

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986)

(observing that "the mere fact that the State used a peremptory challenge to exclude a member of a cognizable group is not, standing alone, sufficient to establish a prima facie case of discrimination under Batson's first step").

Appellant further argues that the State committed misconduct during voir dire by using the word "victim" and asking prospective jurors whether crime victims deserve a fair trial. "To determine if prejudicial prosecutorial misconduct occurred, the relevant inquiry is whether a prosecutor's statements so infected the proceedings with unfairness as to result in a denial of due process." *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005). "A prosecutor's comments should be viewed in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" *Knight v. State*, 116 Nev. 140, 144-45, 993 P.2d 67, 71 (2000) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). We conclude that the prosecutor's single reference to whether crime victims deserve a fair trial and infrequent use of the word "victim" during voir dire did not render the proceedings unfair. Therefore no relief is warranted on this claim.

Appellant next argues that the district court abused its discretion by rejecting three proffered jury instructions. His first proffered instruction concerned witness credibility and was based on a California instruction.[2] While his instruction was more robust in its description of

---

[2]Appellant proposed the following instruction regarding witness credibility:

> The credibility or believability of a witness
> should be determined by anything that reasonably
> tends to prove or disprove the truth or accuracy of

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

what matters jurors should consider in weighing a witness' credibility, the district court's instruction included many elements of the proffered

---

*. . . continued*

that testimony. Among the factors that you may consider are the witness's ability to see, hear, or otherwise perceive things about which the witness testified; the witness's ability to remember and describe what happened; the witness's behavior while testifying; whether the witness understood the questions and answered them directly; whether the witness's testimony was influenced by a factor such as bias or prejudice, a personal relationship with someone involved in the case, or a personal interest in how the case is decided; the witness's attitude about the case or testifying; whether the witness made a statement in the past that is consistent or inconsistent with his or her testimony; whether the witness's testimony was reasonable when considering all the other evidence in the case; whether other evidence proved or disproved any fact about which the witness testified; whether the witness admitted to being untruthful; the witness's character for truthfulness; whether the witness has been convicted of a felony; whether the witness engaged in conduct that reflects on his or her believability; and was the witness promised immunity or leniency in exchange for his or her testimony.

If you do not believe a witness's testimony that he or she no longer remembers something, that testimony is inconsistent with the witness's earlier statement on that subject.

If you believe that a witness has lied about any material fact in the case, you may disregard the entire testimony of that witness or any portion of his testimony which is not proved by other evidence.

instruction and appellant has not identified any prejudice resulting from the omission of his instruction.[3] Therefore, we conclude that no relief is warranted in this regard. Appellant's second and third proffered instructions advised the jurors about evidence that is susceptible to two interpretations.[4] We have considered similar instructions and concluded

---

[3]The district court gave the following instruction regarding witness credibility:

> The credibility or believability of a witness should be determined by his/her manner upon the stand, his/her relationship to the parties, his/her fears, motives, interest or feelings, his/her opportunity to have observed the matter to which he/she testified, the reasonableness of his/her statements and the strength or weakness of his/her recollections.

> If you believe that a witness has lied about any material fact in the case, you may disregard the entire testimony of that witness or any portion of his testimony which is not proved by other evidence.

[4]Appellant proposed the following instruction regarding evidence susceptible to two interpretations:

> If the evidence in this case is subject to two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the Defendant, and the other to the Defendant being not guilty, it is your duty to adopt the interpretation which will admit of the Defendant's being not guilty, and reject that which points to guilt.

> You will notice the rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should

*continued on next page . . .*

Supreme Court
OF
Nevada

(O) 1947A

that it is not error to reject such instructions where the jury is properly instructed on reasonable doubt. *Hooper v. State,* 95 Nev. 924, 927, 604 P.2d 115, 117 (1979); *Bails v. State,* 92 Nev. 95, 97, 545 P.2d 1155, 1156 (1976). Because the jury was instructed on reasonable doubt, we conclude that the district court did not abuse its discretion in this regard. *See Crawford v. State,* 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

Finally, appellant contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. In particular, he contends that the evidence shows corporal punishment, not child abuse. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State,* 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Testimony was introduced showing that appellant struck the victim in the face repeatedly, causing her head to hit a cabinet and her nose to bleed. The jury could reasonably infer from the evidence presented that he was guilty of child abuse, despite his claim that he merely disciplined the victim, no medical treatment was necessary, and no lasting harm resulted. *See* NRS 200.508(1). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports it. *See Bolden v.*

---

*. . . continued*

> appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, even if the reasonable deduction points to the Defendant's guilt, the entire proof must be beyond a reasonable doubt to support a verdict of guilty.

*State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Having considered appellant's claims and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:  Hon. Kathleen E. Delaney, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk