# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER LEE MIDDLETON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67615

FILED

FEB 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary and one count of coercion. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Christopher Lee Middleton argues first that the district court abused its discretion by denying his challenge for cause against a prospective juror. He contends that the prospective juror's answers indicated that the prospective juror expected the defense to prove the defendant's innocence, and the district court's erroneous denial of his challenge for cause forced the defense to use a peremptory challenge to remove the prospective juror. We conclude that Middleton has not demonstrated that the district court abused its discretion in this regard. The prospective juror initially expressed a belief that the defense should present evidence of the defendant's innocence; however, after further questioning and explanation of the law by the district court, the prospective juror indicated that he understood the presumption of innocence and the State's burden of proof and that he would follow the law and be fair and impartial. *See Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) ("The test for evaluating whether a juror should have been removed for cause is whether a prospective juror's views would prevent or

substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." (internal quotation marks omitted)). Moreover, even if the prospective juror should have been removed for cause, Middleton cannot demonstrate prejudice, as he exercised a peremptory challenge against the prospective juror and has not shown that any seated juror was biased.[1] *See Weber*, 121 Nev. at 581, 119 P.3d at 125 ("Any claim of constitutional significance must focus on the jurors who were actually seated, not on excused jurors.").

Second, Middleton argues that there was insufficient evidence to support his convictions for burglary and coercion. When reviewing evidence supporting a jury's verdict, we consider the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, the victim, who was Middleton's ex-girlfriend and the mother of his child, testified that Middleton entered her house on two separate occasions without permission. The first time he entered her house, she was sleeping and woke up to find Middleton, naked from the waist down, lying in her bed and fondling her. She told him to stop but he did not comply until she called 911, and he left the house before the police

---

[1]We decline Middleton's invitation to depart from this established case law and to follow Kentucky's approach of reversing when the defense has to use a peremptory challenge to remove a prospective juror who should have been removed for cause. *See Shane v. Commonwealth*, 243 S.W.3d 336, 338-41 (Ky. 2007).

arrived. The second time he entered her house was later that same day, at which point the victim again called 911, but Middleton took her phone from her hand and threw it to the floor, shattering it and ending the call. Middleton grabbed the victim and hit her twice before leaving the house. We conclude that a rational juror could reasonably infer from this testimony that Middleton twice unlawfully entered the victim's home with the intent to commit assault and/or battery, NRS 205.060(1) (burglary), and used physical force against the victim by taking and breaking her phone with the intent to prevent her from doing an act that she had a right to do—completing her 911 call, NRS 207.190(1) (coercion). Although Middleton contends that there were some inconsistencies in the victim's testimony, it is for the jury to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Third, Middleton contends that the district court improperly rejected a proposed defense instruction regarding "evidence susceptible to two reasonable interpretations." We disagree. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). We have held that it is not error for the district court to reject the "two reasonable interpretations" instruction that Middleton proposed when, as here, the jury was properly instructed on reasonable doubt. *Hooper v. State*, 95 Nev. 924, 927, 604 P.2d 115, 117 (1979); *Bails v. State*, 92 Nev. 95, 97, 545 P.2d 1155, 1156 (1976). Thus, Middleton fails to demonstrate that the

district court abused its discretion in refusing to give his proposed instruction.

Finally, Middleton argues that his rights to due process and a fair trial were violated by the prosecutor's improper comment of personal beliefs during closing arguments. The district court sustained Middleton's objection to the prosecutor's comment and instructed the jury to disregard it; thus, the district court eliminated any prejudice from this single comment. *See Allred v. State*, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004) (stating that this court presumes that a jury follows the district court's orders and instructions).

Having considered Middleton's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Carolyn Ellsworth, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A