# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: S. H., DOB: 04/22/2000, AN ADULT OVER THE AGE OF 21.

S. H.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82846

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Yousey
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order adjudicating S.H. as a sex offender for purposes of registration and notification. First Judicial District Court, Carson City; James Todd Russell, Judge.[1]

Appellant admitted to the charge of lewdness with a child under 14 years of age in the juvenile court and was placed under supervision pursuant to a supervision and consent decree and submitted to a residential treatment program. After four years and several sporadic consent-decree violations, the court adjudicated appellant a delinquent on the underlying charge of lewdness with a child under 14 and placed him on formal probation. After he turned 21, the court held a hearing to determine whether it would require appellant to register as a sex offender pursuant to NRS 62F.340. Following that hearing, the court found that appellant was not rehabilitated, posed a continuing threat to the community, and should be subject to sex offender registration and reporting requirements. Appellant raises two contentions on appeal.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-05365

First, appellant argues that the juvenile court erred in applying a heightened standard of proof during the hearing. We conclude that this argument lacks merit. The statute places the burden on the juvenile to show by "clear and convincing evidence . . . that the child has been rehabilitated to the satisfaction of the juvenile court and that the child is not likely to pose a threat to the safety of others." NRS 62F.340(3). The court repeatedly referenced the correct burden of proof throughout the hearing and its written order. While some evidence showed that appellant made progress in therapy, the court's conclusions that the charged crime was serious, that some diagnostic instruments indicated appellant had an above average risk to reoffend, and that appellant still experienced impulse control issues were not manifestly erroneous and did not indicate that the court held appellant to a different burden than the one set forth in NRS 62F.340(3). *See* NRS 62F.340(5) (listing factors to guide a court's determination in an NRS 62F.340 hearing); *Bongiovi v. Sullivan*, 122 Nev. 556, 575, 138 P.3d 433, 447 (2006) (affording facts found by clear and convincing evidence "great deference" that will not be reversed "absent manifest error").

Second, appellant argues that the juvenile court abused its discretion by not sua sponte continuing the hearing to receive expert testimony after it questioned the reliability of one of the assessments used. We discern no abuse of discretion. *See Sparks v. State*, 96 Nev. 26, 28, 604 P.2d 802, 803-04 (1980) (recognizing that a district court has discretion to continue proceedings when good cause exists). Appellant's counsel did not request a continuance for additional testimony but instead stated that the exhibits presented, including those drafted by the witness who could not attend, spoke for themselves. The record does not suggest that the court

needed the expert to clarify the reports. Instead, the court relied on the generally accepted actuarial assessment described in the reports in assessing appellant's risk to reoffend because that assessment has been shown to be accurate and appellant's most recent violation occurred when he was 18 years old. The court noted the expert's use of another evaluation but did not rely upon those findings because the evaluation had been described in the expert's report as experimental. Accordingly, appellant failed to demonstrate prejudice from the failure to grant a continuance. *See Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010) ("[I]f a defendant fails to demonstrate that he was prejudiced by the denial of a continuance, then the district court's decision to deny the continuance is not an abuse of discretion.").

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:     Hon. James Todd Russell, District Judge
        State Public Defender/Carson City
        Attorney General/Carson City
        Carson City District Attorney
        Carson City Clerk